**In the Matter of NORTHWEST RECREA-TIONAL ACTIVITIES, INC., d/b/a Chattahoochee Plantation Club, Debtor.**

**Bankruptcy No. 79–02976A.**

United States Bankruptcy Court, N. D. Georgia.

April 18, 1980.

See also Bkrtcy., 4 B.R. 43.

David W. Pollard, Swift, Currie, McGhee & Hiers, Atlanta, Ga., for debtor.

Paul H. Anderson, Jr., Mitchell, Clarke, Pate, Anderson & Wimbley, Atlanta, Ga., for Chattanooga Federal Sav. & Loan Co.

ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

On February 21, 1980, the court held a hearing on confirmation of the plan of reorganization. Chattanooga Federal Savings

and Loan Association (hereinafter "Chattanooga Federal") at the inception of the hearing filed its "Objections to Confirmation of Plan" and moved to dismiss debtor's Chapter 11 case because, *inter alia*, the debtor had failed to file a Disclosure Statement in compliance with 11 U.S.C. § 1125 (hereinafter "section 1125 of the Bankruptcy Code") Chattanooga Federal contended that the failure to file a Disclosure Statement and get approval of the court prior to solicitation of the plan is fatal to the confirmation of a plan; and requires dismissal of the Chapter 11 case.

This case presents a situation perhaps different from the problems Congress sought to remedy when it required in § 1125 that the debtor file a Disclosure Statement in Chapter 11 cases. Chapter 11 of the Bankruptcy Code is a recomposition of the business rehabilitation provisions of the Bankruptcy Act, to wit: § 77, Chapters X, XI and XII, into one consolidated chapter. Thus, Chapter 11 accommodates numerous compromises of purpose and design from the former individual Chapters X, XI and XII. The Disclosure Statement requirement of Section 1125 is more Chapter X than Chapter XI or XII; that is, it is designed to satisfy the necessities of rehabilitation cases having numerous ownership and creditor interests rather than a business having only a few ownership and closely participating creditor interests. The thrust of § 1125 is disclosure; to inform the uninformed parties in interest (the typical "hypothetical reasonable investor") in a formal and uniform way concerning the condition of the debtor. The congressional concern was to require the debtor to furnish to the electorate to the confirmation process sufficient financial and operating information to enable each participant to make an "informed judgment" whether to approve or reject the proposed plan. The determination of the extent and detail of the financial-operating information must be that which is "reasonably practicable" considering the type of business, its history and the condition of debtor's books and records. The quality of the Disclosure Statement which will qualify as "adequate information" will vary with the circumstances. The kind and form of information is left to the judicial discretion of the court on a case by case basis.[1]

These five lien creditors on debtor's real property, a country club of 30 acres composed of improved facilities such as a dining, clubhouse, tennis courts and tennis clubhouse, and horse riding stables, have had ready access to the information ordinarily contained in a Disclosure Statement. These claimants, aside from the first mortgage lien creditor, are all former and recent owners and operators at different times of the real property country club facility. Representatives of Chattanooga Federal (which holds a first lien on the debtor's property), as well as R. Arnold Baker (who holds a second lien on the debtor's property), who joined in this motion, have visited the debtor's place of business on numerous occasions during the pendency of this Chapter 11 case and have inspected all books and records of the debtor preceding and since the filing of this Chapter 11 petition. Additionally, said creditors have been involved in vigorous discovery of debtor in litigation in this Bankruptcy Court. Therefore, said creditors have had access to the kind of information necessary to form an informed decision on a proposed plan of reorganization. It is doubted that the debtor in any

---

1. House Report 95–595, § 1125, p. 409, U.S. Code Cong. & Admin.News 1978, pp. 5787, 6365 "The Supreme Court's rulemaking power will not extend to rulemaking that will prescribe *what constitutes adequate information.* That standard is a substantive standard. Precisely what constitutes adequate information in any particular instance is left to the courts on a case by case basis. Courts will take a practical approach as to what is necessary under the circumstances of each case, such as the cost of preparation of the statements, the need for relative speed in solicitation and confirmation, and, of course, the need for investor protection. There will be a balancing of interests in each case. *In reorganization cases, there is frequently great uncertainty. Therefore, the need for flexibility is greatest.* ". . . The court will be able to determine what is necessary in light of the facts and circumstances of each particular case." p. 409.

Disclosure Statement, no matter how formal or complete, could furnish any information concerning the debtor's business or financial condition and standing not already known to these lien creditors.

Under these circumstances, each motion of these very informed secured creditors for debtor's non-substantive, non-compliance is a very technical, superficial resort to § 1125; it is a defect which the debtor can cure simply and promptly to bring the debtor in technical compliance with § 1125.

 Although it is clear that this Chapter 11 case is unlike the situation where a Disclosure Statement is necessary to inform and protect the unsophisticated creditor, Congress made no distinction between types of Chapter 11 cases. The court finds nothing in § 1125 that exempts any debtor from its terms or excuses the filing and requirement for prior approval of a Disclosure Statement under the circumstances now before the court. The § 1125 requirement of a Disclosure Statement applies to all debtors, large, small, complicated, simple; many or few creditors or classes.[2]

Therefore, this court holds that the filing of a Disclosure Statement to each class of a plan and approval by the court is a prerequisite to solicitation of acceptances and commencement of the hearing on confirmation of the debtor's plan.

However, failure to file a Disclosure Statement, without more, is not necessarily fatal to the success of a Chapter 11 reorganization; and non-compliance, as here, even to the date of the first scheduled confirmation hearing, does not require or allow the granting of a motion to dismiss the Chapter 11 case. It may require dismissal, or deferral of solicitation and consideration, of the pending plan, but not dismissal of the case. Thus, at the confirmation hearing, the court granted the debtor additional time to prepare and file the Disclosure Statement and rescheduled the confirmation hearing. The delay in the confir-

mation has caused no harm to any party in interest. The debtor having subsequently filed a Disclosure Statement, albeit perfunctory and modest in extent, which has been approved by the court as containing reasonable and adequate information under the circumstances, it is

ORDERED that the Chattanooga Federal's Motion to Dismiss the Chapter 11 case for failure to file a timely Disclosure Statement be, and hereby is, DENIED.

---

**2.** "... Subsection (c) requires that the same disclosure statement go to all members of a particular class, but permits different disclosure to different classes."

Thus, it may be that a class can waive the disclosure statement to that class where all in the class waives.