In re HUGHES MARINA, INC., Debtor.

Bankruptcy No. 79–24144.

United States Bankruptcy Court,
W. D. New York.

Sept. 9, 1980.

Kenneth B. Mason, Jr., Rochester, N. Y., for Hughes Marina, Inc.

John R. Weider, Harter, Secrest & Emery, Rochester, N. Y., for Marine Midland Bank, N. A.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

Application has been made by the debtor herein for approval of the disclosure statement. A secured creditor, Marine Midland, has moved for conversion to Chapter 7 and the appointment of a trustee.

The facts appear to be these. Hughes Marina commenced operating as an antique business some 16 or 18 years ago. It owned property on Lake Ontario and eventually evolved into a marina renting dock space, doing minor boat repairs, renting out space for camping or recreational vehicles and a snack shop. In 1972, the corporation sustained losses due to hurricane "Agnes's" effects, followed by the flooding resulting from the Corps of Engineers' decision to keep the levels of Lake Ontario high in 1974. From 1974 through 1979, the corporation has operated at an actual loss. In 1979, it went into a Chapter 11.

The disclosure statement which has been presented spells out this information. The disclosure statement contains an SBA study which should be removed because it is outdated and has not been substantiated by past performance. The P & L statements for the period when the business was in Chapter 11 are not prepared on an accrual basis and must be. The debtor must also provide Cash Flow statements. Hughes Marina also intends to conduct an antique business which has not been operated by it for the last four or five years. This is to be done through an arrangement with one Jacque Merritt, who allegedly is experienced in antiques. The debtor, as part of its disclosure statement, must reveal its financial arrangement with Jacque Merritt.

The other objections by the two secured creditors go to the conflicting statements made by the debtor in the disclosure statement and the fact that the claims made by the debtor as to what is going to happen in the future are not substantiated by the tax returns which are incorporated therein. But rather than resulting in a denial of the approval of the disclosure statement, they simply illustrate to the reader of the disclosure statement why they should not vote for the plan as proposed. That is what a disclosure statement is supposed to do.

Therefore, the disclosure statement is approved providing the disclosure statement is modified in accordance with this opinion within the next two weeks. The application by the debtor for conversion to Chapter 7 and the appointment of a trustee is denied

at this time to give the debtor an opportunity to secure a favorable vote for their plan.

This Memorandum and Decision shall constitute Findings of Fact and Conclusions of Law in accordance with Rule 752 of the Rules of Bankruptcy Procedure.