### In re ADANA MORTGAGE BANKERS, INC., Debtor.

**Bankruptcy No. 80–00324A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Jan. 19, 1981.

---

2. *Ibid.*

Benjamin C. Abney, Atlanta, Ga., for debtor.

## ORDER DENYING APPROVAL OF DEBTOR'S PROPOSED DISCLO- SURE STATEMENT

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

The above-styled case having come on for hearing before this Court as scheduled at 3:00 p. m. on November 24, 1980, for a determination of the adequacy of Debtor's Proposed Disclosure Statement (the "Disclosure Statement"), as required under 11 U.S.C. § 1125, and the Court having examined Debtor's proposed Chapter 11 Plan of Reorganization ("Debtor's Plan") and the Disclosure Statement, and the Court having heard argument from counsel for the Debtor, for The First National Bank of Atlanta, and for Chase Manhattan Bank, N. A., the Court hereby makes the following findings

of fact and conclusions of law the Order of this Court.

### FINDINGS OF FACT

(1) Debtor's Chapter 11 Plan proposes that Debtor continue to operate (as opposed to being liquidated) and proposes, *inter alia*, that the creditors of Class IV (the "Creditors") receive debentures from Debtor along with the proceeds of the proposed sale of certain real property in full satisfaction of their claims. No other class of creditors is impaired by the plan. Class IV creditors have standing to object to the Disclosure Statement only as to their Class and may not object to the adequacy of the Disclosure Statement as it may affect another class of creditors who have received a notice and who have filed no objection or made any appearance. House Report No. 95–595, 95th Cong., 1st Sess. (1977), p. 227, U.S.Code Cong. & Admin.News 1978, 5787.

(2) The Disclosure Statement is essentially a summary of Debtor's Plan, which is clearly inadequate to comply with Section 1125. House Report No. 95–595, 95th Cong. 1st. Sess. (1977), p. 409. Subsection 1125(b) uses "plan or summary of the plan" in the conjunctive with "the disclosure statement." Each is a different document of information. *Id.*

(3) The Disclosure Statement provides no financial information, data, valuations, or projections relevant to the determination by the Creditors of whether to accept or reject Debtor's Plan. Such financial information is the nature of that required under Section 1125 to constitute "adequate information." Debtor is in error in arguing that such information is unnecessary because these sophisticated, highly informed creditors as to Debtor's business have "ability to obtain such information from sources other than the disclosure statement required." 11 U.S.C. § 1125(b). While the disclosure statement to a sophisticated and informed large creditor such as mortgage lender lien creditors on real estate [1] or these "line"

---

1. *In the Matter of Northwest Recreational Activities*, 8 B.R. 10 (Bkrtcy.N.D.1980).

banks for Debtor's mortgage lending operations are not required to be as complete, perhaps, as required to a "hypothetical reasonable investor" (§ 1125(a)), these sophisticated creditors are entitled to a disclosure statement prepared by Debtor to which the Debtor is accountable. The creditors are not expected to be mindreaders or clairvoyant. The basic financial information must be supplied in the statement.

(5) The Disclosure Statement does not disclose the identity or experience of the proposed management of Debtor's business pursuant to Debtor's Plan.

(6) The Disclosure Statement does not provide any information relevant to the risks of the Creditors under the terms and provisions of Debtor's Plan. Such information relating to feasibility of Debtor's Plan is a proper part of a disclosure statement in this case. "A plan is necessarily predicated on knowledge of the assets and liabilities being dealt with and on factually supported expectations as to the future course of the business sufficient to meet the feasibility standard in section 11, 29(a)(11) of this title. It may thus be necessary to provide estimates or judgments for that purpose. Yet it remains practicable to describe, in such detail as may be relevant and needed, the basis for the plan and the data on which supporters of the plan rely." Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 121, U.S.Code Cong. & Admin.News 1978, 5907.

(7) The most recent operating report filed with the Court by Debtor was the operating report for June, 1980, despite an order by this Court that such reports be filed monthly. This is inexcusable and subjects the Chapter 11 case to a motion to dismiss or contempt for failure to obey an order of the court.

### CONCLUSIONS OF LAW

(1) The Disclosure Statement does not contain "adequate information" as that term is used in 11 U.S.C. § 1125.

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

The Disclosure Statement is not approved by this Court for transmittal to holders of claims or interests in this case, and Debtor may not solicit acceptances of Debtor's Plan unless and until Debtor files a disclosure statement that provides "adequate information" as that term is used in 11 U.S.C. § 1125.