**In re The WILLIAM F. GABLE COMPANY, Debtor.**

**Bankruptcy No. 80–00259–W.**

United States Bankruptcy Court, N. D. West Virginia.

April 6, 1981.

William E. Schonberg, Cleveland, Ohio, for William F. Gable Company, debtor.

Philip E. Beard, Pittsburgh, Pa., for Unsecured Creditors' Committee.

Arthur L. Cobb, Cleveland, Ohio, and Michael W. McGuane, Wheeling, W. Va., for Marine Midland Bank, N. A.

Nathan B. Feinstein, Philadelphia, Pa., for Main Realty Holding Trust (Member of Creditors' Committee).

Robert G. Sable, Pittsburgh, Pa., for Mid-State Bank (Member of Creditors' Committee).

## MEMORANDUM ORDER

JOHN H. KAMLOWSKY, Bankruptcy Judge.

On February 17, 1981 The William F. Gable Company, Debtor-in-Possession, filed its proposed Disclosure Statement and its Application For Hearing on Disclosure Statement and Objections Thereto. Marine Midland Bank, N. A. filed its written objection to the Disclosure Statement on March 30, 1981. Hearing was had on the proposed Disclosure Statement March 31, 1981 at Wheeling.

The William F. Gable Company, a corporation, filed its voluntary Chapter 11 petition in this District May 27, 1980 and at the time of filing, the debtor was the operator of a retail department store in the City of Altoona, Pennsylvania. Pursuant to this Court's order dated June 13, 1980 the debtor conducted a "going out of business sale" and terminated the operation of the retail department store on or about August 23, 1980. At this time the debtor has liquidated its assets except for a few remaining items of equipment and fixtures and remaining accounts receivable. The plan proposed is for a complete liquidation of the assets of the debtor with the cash realized therefrom to be distributed to creditors.

■ 11 U.S.C. § 1125(b) prohibits the solicitation of acceptances or rejections of a Chapter 11 plan after the commencement of the case, unless the person solicited receives before or at the time of the solicitation a written disclosure statement approved by the court, after notice and hearing, as containing adequate information. The disclosure statement must contain information that is material, important and necessary for creditors and shareholders to properly evaluate a proposed plan and thus enable the creditors and shareholders to make a reasonably informed decision on the plan. After fully considering the proposed Disclosure Statement and the arguments of counsel, I am of the opinion and do find that the Disclosure Statement filed by The William F. Gable Company does not contain adequate information. It is accordingly

ORDERED that the debtor's Disclosure Statement shall be amended as follows:

1. As to administrative fees, the amended disclosure statement shall set forth estimated amounts to be claimed for the debtor's attorneys' fees; unsecured creditors' committee's attorney's fees; unsecured creditors' committee's expenses; printing and mailing expenses for the plan; attorneys' fees as to future litigation; accounting fees for the purpose of filing necessary tax returns plus any other anticipated future costs of administration.

2. The amended disclosure statement shall contain a brief history of the debtor and set forth the reasons leading to the financial difficulties necessitating the Chapter 11 proceeding. The brief history shall also set forth the relationship of The William F. Gable Company to the parent, L. S. Good & Co., and the other subsidiaries of the parent.

3. The amended disclosure statement shall set forth in sufficient detail the claim of Main Realty, the claim of Good Credit Corporation, any intercorporate claims, any claims against corporate officers and a summary of the details of the sale and lease-back agreement concerning real estate occupied by The William F. Gable Company and the real estate occupied by Fowler, Dick & Walker, Inc., also a subsidiary of L. S. Good & Co., in which monies in excess of five million dollars were realized from the sale and lease-back transaction and were upstreamed to the parent for the benefit of the parent and other subsidiaries.

4. The amended disclosure statement shall set forth an estimate of the amount of accounts receivable that are collectable; the estimated expenses that will be incurred in the collection of the accounts receivable; and the success or lack of success the debtor has had in collecting outstanding accounts receivable.

5. The amended disclosure statement shall set forth in detail how the debtor proposes to expend the sum of $9,500.00 per month in collecting outstanding accounts receivable.

6. The amended disclosure statement shall set forth what the creditors would receive if there was a liquidation under the provisions of Chapter 7 of Title 11.

7. The amended disclosure statement shall set forth the number of the Class V shareholders and their rights, if any, in possible future litigation.

8. The amended disclosure statement shall propose a minimum dividend to creditors.

9. The amended disclosure statement shall set forth who will manage the debtor's affairs if the plan is approved by the creditors.

It is further

ORDERED that this matter be continued to April 29, 1981 at 10:00 a. m. at Wheeling at which time the Court will consider the amended disclosure statement.