**In re Dominica V. CIVITELLA,**
**Individually and Trading as**
**the Regency, Debtor.**

**Bankruptcy No. 80–01083K.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Sept. 18, 1981.

Marjorie O. Rendell, Philadelphia, Pa., for debtor.

Neal Colton, Philadelphia, Pa., for Ford Motor Credit Co.

Rush T. Haines, II, Philadelphia, Pa., for Community Sav. Bank.

Morton Newman, Samuel H. Becker, Philadelphia, Pa., for Continental Bank.

## MEMORANDUM OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The issue before the Court is whether the Amended Disclosure Statement for the Plan of Arrangement of Ford Motor Credit Company, Community Savings Bank and Continental Bank should be approved. The Court finds that this disclosure statement does not meet the requirements imposed by Title 11 U.S.C. § 1125 and approval is denied.[1]

Section 1125 provides that acceptances of a Chapter 11 plan may not be solicited unless the court has approved a disclosure statement which is then sent out to all parties entitled to vote on the plan. The disclosure statement at issue was filed on May 12, 1981. An amended statement was filed on July 31, 1981. Hearing was duly held on August 5, 1981. Counsel for the debtor-in-possession objected to court approval of the statement.

The basis for objection was that this statement failed to mention the fact that the debtor had proposed a separate Chapter 11 plan. This omission, it was argued, failed to provide the voting creditors with complete information.

The disclosure statement must contain adequate information in order for it to be approved by the Court.[2] "Adequate information" is defined by § 1125(a)(1) of the Bankruptcy Code.[3] The standard to be applied is that the information must be sufficient for the parties voting on the plan "... to make an informed judgment about the plan...."[4] The Code contains no requirement that information of any sort concerning other proposed plans be submitted as part of the disclosure statement of a particular plan. The Court has not discovered any authority requiring such information to be contained in the disclosure statement.

The debtor has also raised an objection to the disclosure statement on the basis that the terms of the plan proposed by the creditors is compared to a hypothetical liquidation sale. Such a liquidation has not been

1. This Opinion constitutes findings of fact and conclusions of law as required by Bankruptcy Rule 752.

2. Title 11 U.S.C. § 1125(b).

3. Title 11 U.S.C. § 1125(a):
   (1) "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan.

4. Title 11 U.S.C. § 1125(a)(1).

proposed in any plan submitted in this case. The creditors' plan is alleged to be far superior to an immediate forced sale. There is a paucity of facts, however, on which to base this allegation. Such an expression of opinion is not the proper content of a disclosure statement. Section 1125(a) requires that the disclosure statement contain factual information. The legislative history of this section states that "... [a] plan is necessarily predicated on knowledge of the assets and liabilities being dealt with and on factually supported expectations...."[5] A factually based examination of alternative means of relief would be permissible in a disclosure statement. In this case, however, there is no factual basis to support the allegations concerning a hypothetical forced sale.

The Court finds that approval of this disclosure statement must be denied.

**5.** Senate Report 95–989 at 120, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5907.