**In re Dominica V. CIVITELLA, Individually and Trading as the Regency, Debtors.**

**Bankruptcy No. 80–01083K.**

United States Bankruptcy Court, E. D. Pennsylvania.

Nov. 10, 1981.

Neal D. Colton, Rush T. Haines, II, Philadelphia, Pa., for Ford Motor Credit Co.

Marjorie O. Rendell, Philadelphia, Pa., for debtors.

Samuel H. Becker, Philadelphia, Pa., for Continental Bank.

## MEMORANDUM OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on a motion for reconsideration filed by three (3) secured creditors. These creditors had sought approval of a disclosure statement for a proposed plan of reorganization under Chapter 11. The disclosure statement was filed on July 31, 1981. Hearing was held on August 5, 1981 and decision was reserved by the Court. On September 18, 1981, the Court entered a Memorandum Opinion and Order denying approval of the disclosure statement, 14 B.R. 151 (Bkrtcy.) On September 28, 1981, the proponents (Ford Motor Credit Company, Community Savings Bank and Continental Bank) filed a motion requesting the Court to amend the findings of fact and judgment of September 18, 1981. Oral argument on the motion was heard on October 27, 1981 and decision was reserved by the Court.[1]

Upon consideration of the issues raised in the pleadings and legal argument, the Court has re-examined the documents in question. This re-evaluation has convinced the Court that the Order of September 18, 1981 is correct. The Memorandum Opinion accompanying the Order, however, did not undertake a detailed examination of the disclosure statement. The Court, therefore, is filing this Memorandum Opinion in support of the Order which will be entered denying the proponent's motion for reconsideration.

Denial of approval of the disclosure statement was based on the failure of the proponents to factually support the allegation in the disclosure statement that the plan was superior to a forced sale. A detailed examination of the disclosure statement unearths numerous other allegations in the body of the document which are unsupported by facts of any sort. In response to the motion for reconsideration, the Court will list the defects.

On page one, the disclosure statement declares:

The Regency, the Debtor's major asset, is believed by the proponents of the Plan of Arrangement to have a value (based upon a professional appraisal) in excess of the total secured and unsecured debts of the debtor.

On page two, the disclosure statement further declares:

The major secured creditors of the debtor, believing that sale of The Regency would result in the satisfaction of *all* claims against the debtor *as well as* provide her with a reasonable "nest egg", have proposed the Amended Plan of Arrangement (the "Plan") submitted herewith. (emphasis in original).

On page two, it is further stated:

The plan is based on the belief of its proponents, the three largest secured creditors of the debtor, that a successful sale of The Regency can be accomplished and that the proceeds will satisfy in full the claims of all classes of creditors.

On page three, the disclosure statement declares that:

. . . it is anticipated that all creditors will be paid in full at the time of the sale of the debtor's property.

Not one of these allegations is supported by a scintilla of factual information anywhere in the disclosure statement. No information is provided as to the value of The Regency or as to the total amount of debts. No information is provided as to the various classes of debts. The disclosure statement does not present the parties voting on the plan with an opportunity to independently evaluate the merits of the proponent's plan. All the averments made in the disclosure statement must be taken on faith by the voting parties without any factual basis sufficient for the voting parties to arrive at an informed decision.

In the Memorandum Opinion of September 18, 1981, the Court, while discussing a different matter, stated that:

---

1. This Memorandum Opinion constitutes findings of fact and conclusions of law as required by Bankruptcy Rule 752.

The disclosure statement must contain adequate information in order for it to be approved by the Court.[2] "Adequate information" is defined by § 1125(a)(1) of the Bankruptcy Code.[3] The standard to be applied is that the information must be sufficient for the parties voting on the plan ". . . to make an informed judgment about the plan . . ."[4] (footnotes in original).

Although a different issue was being discussed in that paragraph, the requirement that adequate information be present in the disclosure statement does not change.

■ The Court finds that mere allegations or opinions, unsupported by factual information, do not meet the required standard. Adequate information is not a strictly defined term in the Bankruptcy Code. Section 1125(a)(1) provides that:

"adequate information means information of a kind, and in sufficient detail, as far as is reasonably practicable . . ."

The Memorandum Opinion of September 18, 1981, held that an expression of opinion was not the proper content of a disclosure statement unless supported by factual information and quoted from the legislative history to that effect.

There have not been many decisions published on this subject. The Bankruptcy Court of the Northern District of Georgia has said, in dicta, that:

The thrust of § 1125 is disclosure; to inform the uninformed parties in interest (the typical "hypothetical reasonable investor") in a formal and uniform way concerning the condition of the debtor. The congressional concern was to require the debtor to furnish to the electorate to the confirmation process sufficient financial and operating information to enable each participant to make an "informed judgment" whether to approve or reject the proposed plan.

*In re Northwest Recreational Activities, Inc.*, 8 B.R. 10 (Bkrtcy.N.D.Ga.1980) at p. 11.

This Court agrees with the policy expressed in the *Northwest case.*

In considering a disclosure statement submitted by a Chapter 11 debtor, the Bankruptcy Court of the Western District of New York granted conditional approval provided that updated financial statements and other detailed information about the business was supplied. *In re Hughes Marina, Inc.*, 6 B.C.D. 978 (W.D.N.Y.1980). A recent case from the Northern District of West Virginia also considered a Chapter 11 disclosure statement. The Court, in that case, ordered that the disclosure statement be amended to include a great deal of additional, specific data. *In re The William F. Gable Company*, 10 B.R. 248 (Bkrtcy.N.D. W.Va.1981). The thrust of these recent decisions has been to require that detailed factual information be provided in Chapter 11 disclosure statements.

The Court in this case finds that the disclosure statement submitted by the proponents does not satisfy the standard of adequate information required by the Bankruptcy Code. 11 U.S.C. § 1125(a), (b). Therefore, the Court will not approve this disclosure statement. The Order of September 18, 1981, will not be amended and the motion for reconsideration is denied.