**In re EAST REDLEY CORPORATION, Debtor.**

**Bankruptcy No. 79–02152K.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Jan. 13, 1982.

Robert H. Levin, Philadelphia, Pa., for Kardon Industries, Inc.

Herman P. Weinberg, Philadelphia, Pa., for debtor.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on an application for the approval of a disclosure statement filed in a Chapter 11 case. The Court finds that the disclosure statement must be amended.[1]

A plan of reorganization and a disclosure statement were filed by Kardon Industries, Inc., a creditor in the Chapter 11 case. In the two years which have passed since the filing of the petition for relief under Chapter 11 of the Bankruptcy Code in November, 1979, the debtor has not proposed a plan of reorganization. Kardon, however, has compiled a plan of reorganization and seeks approval of the disclosure statement in order to present the plan to the parties entitled to vote on the plan. Hearing on the disclosure statement was held on November 17, 1981. The debtor objected to approval of the disclosure statement on the basis that the document did not meet the

---

**1.** This Opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 752.

standard required by § 1125 of the Bankruptcy Code.

■ The debtor asserts several grounds in support of the objection. The main issue raised by the debtor is that the disclosure statement does not accurately state the value of a piece of real estate located in Montgomery County. This property is the only substantial asset of the debtor. Information concerning the value of such property would, therefore, be of paramount interest to parties voting on the plan. In addressing the value of this property, the disclosure statement states:

> The debtor has listed the market value of this real estate in its schedules at $1,700,-000.00. It is believed by the proponent of the liquidating plan that the value is significantly less than $1,700,000.00 and that it does not, in fact, exceed $275,000.

The debtor alleges the value to be far in excess of $275,000.

The debtor has slim ground for objecting to this disclosure statement on the basis of value. The proponent faithfully sets forth the value which the debtor has assigned to this property. Furthermore, the Code does not require a valuation of the assets of the debtor in order for the disclosure statement to be approved.[2]

The Court notes, however, that in fixing a value for the property, the debtor expresses an opinion as to value. No factual basis is given to support this valuation. In two recent cases, this Court has found that opinions without factual support are not proper content of a disclosure statement and do not provide the parties voting on the plan with adequate information. *See, In re Civitella*, 14 B.R. 151 (E.D.Pa.1981); and an opinion issued on November 10, 1981, 15 B.R. 206, in the same case.

The requirement that a disclosure statement contain adequate information serves to present the parties entitled to vote on the plan with an opportunity to independently evaluate the merits of the proposed plan.[3] The Code requires that adequate information be present in the disclosure statement and be of such a nature that parties be able to reach an informed judgment about the plan.[4] Without information sufficient to allow parties voting on the plan the opportunity to arrive at an independent and informed judgment, the disclosure statement cannot be approved.

This disclosure statement cannot be approved. The Court, therefore, will order the proponent to amend the disclosure statement to cure the defects.[5] The proponent must set forth a factual basis for the purported value of the real property. Such information is essential for a party weighing the credibility and merits of the plan. It is likewise necessary for the location, size, and nature of this property to be more fully described. This data will provide the parties entitled to vote on the plan with necessary information.

The Court will enter an order directing the proponent to file an amended disclosure statement within thirty days. The Court will also request the proponent to file an application for approval of plan voting procedures to expedite this proceeding.

■ The remaining objections raised by the debtor are unpersuasive. The debtor is free to lobby among the voting parties and to request them to oppose acceptance. The debtor is free to file its own plan and seek acceptance thereof. This avenue has been open for over two years and has not been pursued. The debtor has failed to propose a plan. The Code, however, provides parties in interest with the opportunity to present such a plan.[6] Kardon has chosen to present a plan and seek its acceptance. Once an acceptable disclosure statement is presented, the proponent will be free to move towards solicitation of acceptances for the plan.

---

2.   11 U.S.C. § 1125(b).

3.   *In re Civitella*, 15 B.R. 206 (E.D.Pa.1981).

4.   11 U.S.C. § 1125(a)(1).

5.   *See, e.g., In re Hughes Marina, Inc.*, 6 B.C.D. 978 (W.D.N.Y.1980); *In re The William F. Gable Company*, 10 B.R. 248 (N.D.W.Va.1981).

6.   11 U.S.C. § 1121(c).