**In re Jack FIERMAN and Daniel Sherman t/a: Pebble Hill Village, a partnership, Debtor.**

**Bankruptcy No. 81–00071K.**

United States Bankruptcy Court, E. D. Pennsylvania.

June 29, 1982.

Richard C. Osterhout, Trevose, Pa., for Jack Fierman.

Joel D. Beaver, Philadelphia, Pa., for Daniel Sherman.

### OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case comes before the Court on application for the approval of a disclosure statement in a Chapter 11 case. Objections to the proposed disclosure statement were filed and, on March 31, 1982, a hearing on the matter was duly held. After examination of the disputed document and upon consideration of the briefs filed by counsel,

the Court will deny approval of the disclosure statement.[1]

This case has a long and tortured factual history, rendered more complicated by an ongoing dispute between the two (2) partners. *See, In re Fierman*, 14 B.R. 753 (Bkrtcy.E.D.Pa.1981) which sets forth the early procedural history of this case. The disclosure statement was filed by Jack Fierman. The other partner, Daniel Sherman, promptly objected to approval of the document. Although Fierman argues that Sherman has no standing to raise this issue, this argument is not at all persuasive. The Court finds this disclosure statement to be seriously deficient.

This Court consistently held that:

> The disclosure statement must contain adequate information in order for it to be approved by the Court.[2] "Adequate information" is defined by § 1125(a)(1) of the Bankruptcy Code.[3] The standard must be sufficient for the parties voting on the plan " . . . to make an informed judgment about the plan . . . "[4] (footnotes in original).

*In re Civitella*, 14 B.R. 151 (Bkrtcy.E.D.Pa. 1982); reconsideration denied, 15 B.R. 206.

Although there have not been many decisions published on the subject, the policy of the Bankruptcy Code was clearly set forth by the Bankruptcy Court of the Northern District of Georgia:

> The thrust of § 1125 is disclosure, to inform the uninformed parties in interest (the typical "hypothetical reasonable investor") in a formal and uniform way concerning the condition of the debtor. The congressional concern was to require the debtor to furnish to the electorate to the confirmation process sufficient financial and operating information to enable each participant to make an "informed judgment" whether to approve or reject the proposed plan.

*In re Northwest Recreational Activities, Inc.*, 8 B.R. 10 (Bkrtcy.N.D.Ga.1980) at p. 11.

In the instant case, the Court finds that the standard imposed by the statute has not been met. The disclosure statement filed by Fierman does not provide adequate information as required by the Code.

■ First, the Court finds that the description of the property is insufficient. In order to evaluate the merits of the proposed plan, a creditor would need information concerning the nature of the property and whether there are any improvements on the realty.[2] These facts are not set forth in the disclosure statement.

■ The disclosure statement, furthermore, places a value of $450,000 on the property. This Court has previously ruled that:

> The proponent must set forth a factual basis for the purported value of the real property. Such information is essential for a party weighing the credibility and merits of the plan. It is likewise necessary for the location, size, and nature of this property to be more fully described.

*In re East Redley Corporation*, 16 B.R. 429 (Bkrtcy.E.D.Pa.1982) at p. 430. This Court has also held that " . . . opinions without factual support are not proper content of a disclosure statement and do not provide the parties voting on the plan with adequate information." *Redley*, 16 B.R. at 430.[3] On this basis alone, the Court would not approve this disclosure statement.

Other objections were also raised. After due consideration, the Court finds these objections to have merit. Currently, this debtor is embroiled in litigation. Although the existence of the litigation is disclosed, there is no explanation of the effect that these lawsuits may have on the disposition of the property or on the claims of the creditors.

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. *See, In Re East Redley Corporation*, 16 B.R. 429 (Bkrtcy.E.D.Pa.1982) at p. 430.

3. Accord, *In re Civitella*, 14 B.R. 151 (Bkrtcy.E. D.Pa.1981); reconsideration denied, 15 B.R. 206.

Finally, there is a serious dispute between the two (2) partners which the disclosure statement largely ignores. This ongoing problem may have a substantial impact on the feasibility of any plan of reorganization. Without some resolution of this dispute, it is highly unlikely that any plan of reorganization will succeed.

An order will be entered denying approval of the disclosure statement.