**In re BRANDON MILL FARMS, LTD., a Georgia Limited Partnership, Debtor.**

**Bankruptcy No. 83–04106A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

March 6, 1984.

James C. Morton, Bondurant, Miller, Hishon & Stephenson, Atlanta, Ga., and James R. Kelley, Dearborn & Ewing, Nashville, Tenn., for General Electric Real Estate Equities, Inc.

Gus H. Small, Jr., Zusmann, Small, Stamps & White, Atlanta, Ga., for respondent.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

On February 22, 1984, a hearing was held on the question of approval by the Court of the proposed disclosure statement filed by the debtor in the above-referenced Chapter 11 bankruptcy proceeding. An objection to the disclosure statement was filed by General Electric Real Estate Equities, Inc. ("GEREE") on February 21, 1984. GEREE contends that the proposed disclosure statement omits three material facts: (1) the right of any creditor not paid in full to seek redress against the general partners; (2) the fact that GEREE has already decided to reject the plan proposed by the debtor; and (3) the existence of a dispute as to the subordination of the claim by Robert G. Westlake, a general and limited partner of the debtor.

Bankruptcy Code § 1125(b) provides that a proposed disclosure statement may be approved by the Court, after notice and a hearing, upon determination by the Court that the disclosure statement contains adequate information. "Adequate information" is defined in § 1125(a)(1) of the Bankruptcy Code. Beyond the statutory guidelines described in the definition of "ade-

quate information", the decision to approve or reject a disclosure statement is within the discretion of the Bankruptcy Court. *In re Stanley Hotel, Inc.*, 13 B.R. 926, 930 (Bkrtcy.D.Colo.1981). The Bankruptcy Court shall review proposed disclosure statements on a case by case basis. *Id.* Bankruptcy law shall govern the Court's determination in this regard. *Id.;* 11 U.S.C. § 1125(d).

The Chapter 11 plan in this case is one of liquidation. The debtor sold its principal asset consisting of 246 garden apartments in Fulton County, Georgia. The sale was consummated pursuant to the express approval of this Court. The primary function served by the Chapter 11 plan of reorganization is to rank the classes of claims and disburse the proceeds of the sale. With respect to the disputed, unliquidated claims, particularly the claim filed by GEREE, the plan dictates that this Court shall retain jurisdiction over the bankruptcy proceeding until such matters are settled or adjudicated.

Significantly, the plan contemplates payment of 100% of the indebtedness owed to lienors and unsecured creditors as of the date the bankruptcy petition was filed. The lienors and unsecured creditors are the claimants at which the disclosure statement should be directed, because they have less access to information about the debtor and this proceeding. In contrast, the other creditors whose claims are impaired by the plan have been actively involved in this bankruptcy proceeding from its inception. This group of active claimants includes the First National Bank of Louisville, the construction lender for the apartment complex, which is to be paid at the closing of the sale of the apartment complex; GEREE, whose alleged $3,000,000.00 claim has prompted close attention to this bankruptcy proceeding; the General Electric Company, which has not been a major participant itself, but which has access to information regarding the debtor and this proceeding through its affiliate, GEREE; and Robert G. Westlake, a general and limited partner of the debtor. The Court finds that the disclosure statement affords "adequate information", as

defined in the Bankruptcy Code, to its primary audience, the group of lienors and unsecured creditors, as well as to the group of large, closely-attuned claimants.

■ The Court rejects GEREE's first argument that the disclosure statement must point out the right of any creditor not paid in full to seek redress against the debtor's general partners. The disclosure statement is not intended to be a general discourse in black letter law. Hypothetically, a debtor which proposes to continue business operations might be required to disclose any contingent liabilities remaining after the bankruptcy proceeding which would impact upon viability of the ongoing enterprise, thereby affecting the value of stock or bonds distributed under the plan. The instant case, however, involves a liquidation and distribution of assets. Accordingly, the right to sue the general partner does not affect the value of the debtor's payments under the plan. The creditors may discern for themselves the scope of the Chapter 11 discharge and the rights, if any, which may be asserted against the general partner or others outside this bankruptcy proceeding.

■ Similarly, the fact that GEREE has rejected the debtor's proposed plan need not be divulged in the disclosure statement. As the Court stated in *In re Stanley Hotel, Inc.*, 13 B.R. at 929:

> [T]he purpose of a disclosure statement is to inform equity holders and claimants, as fully as possible, about the possible *financial results of acceptance or rejection of a particular plan.* [Emphasis added.]

In other words, the disclosure statement is intended to assist the creditors in evaluating the plan on its face rather than to promote a comparison among various proposed plans. The Court in *In re Civitella*, 14 B.R. 151, 8 B.C.D. 12 (Bkrtcy.E.D.Pa. 1981), expressly holds that the debtor's disclosure statement need not indicate the existence of an alternate plan. The same rationale should hold true in the event that a creditor rejects the debtor's proposed plan and anticipates filing a proposed plan of its own should the debtor's proposal not be

confirmed prior to the expiration of the 180-day period. As a policy matter, this Court declines to enforce a blanket rule that the debtor must disclose the fact that a sizable claimant has rejected the proposed plan and intends to file a proposal of its own. Such a rule might cause creditors to refrain from voting affirmatively on the debtor's initial proposal due to an expectation that the creditor's proposal will offer more favorable treatment of their claims. This type of delay in the administration of the bankruptcy case should not, in general, be encouraged. GEREE has not persuaded the Court that the circumstances of this case necessitate the requested disclosure.

■ Finally, the fact of a dispute between GEREE and Robert G. Westlake regarding the nature of Westlake's claim is not material to the distribution of funds to other creditors in this case. The plan proposes to pay 100% to the lienors and unsecured creditors. A determination by this Court as to whether Robert G. Westlake made a loan or capital contribution to the debtor only affects the relative distribution to GEREE versus Robert G. Westlake. GEREE has not shown that the dispute either increases or decreases the pool of funds available for distribution to the other creditors. Therefore, the question of subordination of Robert G. Westlake's claim need not be discussed in the disclosure statement.

For the foregoing reasons, the debtor's proposed disclosure statement is APPROVED, and the objection by GEREE is DENIED.

IT IS SO ORDERED.