**In re MICROWAVE PRODUCTS OF AMERICA, INC. Debtor.**

**Bankruptcy No. 88–27990–D.**

United States Bankruptcy Court, W.D. Tennessee, W.D.

April 28, 1989.

See also, Bkrtcy., 94 B.R. 967.

Brent Whittlesey, Jones, Day, Reavis & Poague, Los Angeles, Cal., for Microwave Holdings, Inc.

Harris Quinn, Heiskell, Donelson, Bearman, Adams, Williams, and Kirsch, Memphis, Tenn., for Microwave Products.

Robert A. Greenfield, Stutman, Treister & Glatt, Los Angeles, Cal., for Litton Industries.

Jack Kolod and Summitt, Rovins & Seldsman, New York City, for Moulinex.

Jack Marlow, Memphis, Tenn., for American Universal Ins. Co.

John Ryder, Memphis, Tenn., for FIBC.

David Cocke, Memphis, Tenn., for Litton Industries.

Michael Coury, Memphis, Tenn., for Unsecured Creditors Committee.

Jennie Latta, Memphis, Tenn., Attorney for Magnetek, Inc.

Henry Shelton, Memphis, Tenn., Attorney for Western Industries.

William Carson, Memphis, Tenn., for Midwest Coast Transport.

Julie Chinn, Memphis, Tenn., Asst. U.S. Trustee.

Gary Vanasek, Memphis, Tenn., U.S. Atty.

MEMORANDUM OF OPINION AND ORDER DENYING APPROVAL OF DISCLOSURE STATEMENT FILED BY MICROWAVE HOLDINGS, INC.

BERNICE BOUIE DONALD, Bankruptcy Judge.

This core proceeding came on for hearing on April 12, 1989, on Microwave Holding, Inc.'s (hereinafter "MHI") motion for approval of disclosure statement. Objections were filed by several major secured creditors in the case, Litton Industries, American Universal Insurance Corporation, First Interstate Bank of California, the unsecured creditors committee, and the U.S. Trustee.

11 U.S.C. § 1125 governs requirements for disclosure statements in Chapter 11 cases under the Bankruptcy Code. 11 U.S. C. § 1125(b) provides that:

> **§ 1125. Postpetition disclosure and solicitation.**
>
> (b) An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information. The court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets.

While the Code does not precisely define "adequate disclosure", the disclosure statement must contain enough information to comport with the purpose of requiring a disclosure statement. 11 U.S.C. § 1125(a)(1) defines "adequate information" as:

> **§ 1125. Postpetition disclosure and solicitation.**
>
> (a) In this section—
>
> (1) "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan.

The "investor typical of holders of claims or interests of the relevant class", referred to in the definition under 11 U.S.C. § 1125(a)(1) is defined in 11 U.S.C. § 1125(a)(2) as meaning an investor having (A) a claim or interest in the relevant class, (B) such a relationship with the debtor as the holders of other claims or interests of such class generally have, and (C) such ability to obtain such information from sources other than the required disclosure as holders of claims or interests in such class generally have.

The purpose of the disclosure provisions of Chapter 11 is to provide holders of claims and interests with "adequate information" prior to the acceptance or rejection of a reorganization plan, in order for them to be able to make an informed judgment as to the feasibility of the plan.

Section 1125 of the Code permits the Court to construe the adequacy of disclosure statements on a case by case basis. *In re A.C. Williams Co.*, 25 B.R. 173 (Bankr.N.D.Ohio 1982).

While the Code does not define adequate disclosure, case law has given rise to certain criteria to aid the Courts in evaluating the sufficiency or the adequacy of disclosure statements. *In re Metrocraft Pub. Services, Inc.*, 39 B.R. 567 (Bankr.N.D.Ga. 1984); and *In re Stanley Hotel, Inc.*, 13 B.R. 926 (Bankr.D.C.Colo.1981).

*In re Stanley Hotel, Inc.*, 13 B.R. at 926, sets forth broad parameters holding that the information to be provided in the disclosure statement should be comprised of "all factors presently known to the plan proponent" that bear upon the success or failure of the proposals contained in the plan. (Emphasis Added). While the Court in *The William F. Gable Co.*, 10 B.R. 248 (Bankr. N.D.W.Va.1981) held that the disclosure

statement must contain information that is material, important, and necessary for creditors and shareholders to properly evaluate a plan and make a reasonable informed decision on the plan. Therefore, a disclosure statement which was characterized as being essentially a summary of the plan was held to be clearly inadequate to meet the requirement of Section 1125. *In re Adana Mortg. Bankers, Inc.,* 14 B.R. 29 (Bankr.N.D.Ga.1981). The Court in *In re Metrocraft Pub. Services, Inc.,* 39 B.R. 567 (Bankr.N.D.Ga.1984) sets forth a list of criteria for evaluating the adequacy of disclosure statements:

(1) The events that lead to the filing of a bankruptcy or the bankruptcy petition;

(2) A description of the available assets and their value;

(3) The anticipated future of the company;

(4) The source of the information stated in the disclosure statement;

(5) A disclaimer;

(6) The present condition of the debtor while in Chapter 11;

(7) The scheduled claims as allowed or estimated by category;

(8) The estimated return to parties under a Chapter 7 liquidation;

(9) The accounting method utilized to produce financial information, and to identify the accountants and the identity of the accountants and others responsible for such information;

(10) The future management of the company, including qualifications and compensation;

(11) A summary of the Chapter 11 plan;

(12) The estimated administrative expenses, including professional fees and priority claims;

(13) The collectibility of accounts receivable and counter claims;

(14) Financial information, data, evaluations or projections relevant to the decision to accept or reject the plan;

(15) Information relevant to the risks posed to creditors under the plan;

(16) The actual or projected realizable value from recovery of preferential or otherwise voidable claims;

(17) Litigation likely to arise in a non-bankruptcy context;

(18) Tax attributes of the debtor; and,

(19) The relationship of the debtor with affiliates, subsidiaries, merger or acquisition interest, and the plan proponents.

While each one of these factors may not be necessary in every case, nor is this list exhaustive of all criteria that may be necessary in a disclosure statement.

■ However, in evaluating the MHI disclosure statement for adequacy of information in light of § 1125, and in light of the specific criteria of *Metrocraft,* the Court notes that there are certain areas where the disclosure statement is noticeably deficient. Based on that evaluation, the Court finds the MHI disclosure deficient as to the following items:

(1) The MHI disclosure statement does not set forth the capital needs of the debtor;

(2) It does not set forth in sufficient detail the management of the reorganized debtor;

(3) It does not adequately address compensation of executives and other key personnel, nor administrative wage and tax claims;

(4) It does not sufficiently disclose the participation of certain individuals termed "insiders";

(5) It does not provide a competitive market analysis for the business environment in which the debtor is to operate;

(6) It does not address a projection of post-reorganization performance or pending litigation;

(7) It does not sufficiently disclose the basis for the limited accounting data provided, nor the process used to compile the data;

(8) It does not contain sufficient information regarding the financial profit and loss statements, income statements, balance sheet, or other financial information on funding for the reorganized debtor. There is not sufficient treatment of the assets nor a sufficient description of receivables;

(9) It does not address claims involving officers or insiders;

(10) It does not adequately address the factors that would sufficiently bear on success or failure of the debtor; and,

(11) It does not contain an adequate liquidation analysis.

This Court is aware that there is substantial precedent for allowing the proponent of the disclosure statement time to amend to cure defects. *Re Metrocraft Pub. Services,* supra, *Re William F. Gable Co.,* supra, *Stanley Hotel,* supra. However, there is no automatic right or guaranteed certainty that Courts will allow leave to amend. *Re Ligon,* 50 B.R. 127 (Bankr. M.D.Tenn.1985).

In the instant case, the proffered disclosure statement is lacking in meaningful, necessary, and critical information, as evidenced by the movant's willingness to accede deficiencies on the record. The Court feels it would be in the best interest of all interested parties that this disclosure statement be disapproved as failing to meet even the minimum requirements of 11 U.S. C. § 1125.

Therefore, the instant case, based on the entire record, including the evidentiary hearing, and the numerous objections filed by creditors and other entities, the Court finds after reviewing the disclosure statement in its entirety, that it does not provide adequate information to inform reasonable hypothetical investors or creditors, so that they may make an informed decision about the plan. The Court notes that any party filing a disclosure statement and plan is held to the same standard as the debtor-in-possession.

Based on the foregoing, the motion for approval of the disclosure statement filed by Microwave Holdings, Inc. is hereby denied. However, such denial is without prejudice to MHI's right to refile a disclosure statement that serves to adequately inform creditors and equity holders so that they may reasonably make informed decisions on whether to accept or reject the proposed plan.

IT IS SO ORDERED.