### In re BELTRAMI ENTERPRISES, INC., Debtor–In–Possession.

Bankruptcy No. 5–91–00866.

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

Oct. 7, 1994.

Ronald Santora, Wilkes–Barre, PA, for Louis Beltrami.

Donna Clark, Harrisburg, PA, for Charles Gutshall.

Charles Gutshall, Harrisburg, PA, for Trustee in Bankruptcy.

Greg Lyons, Harrisburg, PA, for Office of the U.S. Trustee.

Steven Roth, Robert Schaub, Wilkes–Barre, PA, for Pagnotti Enterprises.

Charles Shea, Kingston, PA, for Anthracite Health & Welfare Fund.

Martin J. Weis, Philadelphia, PA, for Unsecured Creditors' Committee.

Michael Beltrami, Hazleton, PA, for Concorde, et al.

### OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

The court has for consideration the Objection of the United States Trustee to the Disclosure Statement of Pagnotti Enterprises, Inc.. For the reasons provided below, the objection to the disclosure statement is sustained.

■ The United States Trustee's objection to the disclosure statement is based on one fact; the disclosure statement is not signed by the attorney who prepared it, therefore, it cannot be approved. In summary, the United States Trustee alleges that a disclosure statement is a paper which falls under Federal Rule of Bankruptcy Procedure 9011 stating in part:

Every petition, pleading, motion and *other paper* (emphasis supplied) served or filed in a case under the Code on behalf of a party represented by an attorney, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name ... The signature of an attorney or a party constitute a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information

and belief formed after reasonable inquiry, it is well grounded in fact ... If a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the person whose signature is required ...

■ The rule is quite clear. Every document served or filed in a bankruptcy case must be signed by an attorney, unless it is a list, schedule, statement or amendment.

The Advisory Committee Notes to the 1991 Amendments to Rule 9011 state that the term "statement" is limited to the statement of financial affairs and the statement of intention required to be filed under Rule 1007. In contrast, a disclosure statement must contain enough "adequate information ... that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan" ... *11 U.S.C. § 1125(a)(1).* This indicates that a disclosure statement is more detailed than a statement as contemplated by Rule 9011. A disclosure statement has been held to be an "other paper" not excepted from Rule 9011. *In re Alberto,* 119 B.R. 985, 24 C.B.C.2d 748 (Bankr.N.D.Ill.1990). Therefore, without an attorney's signature certifying that the facts in the disclosure statement are true, the court cannot approve the disclosure statement. The court grants the attorney who prepared the disclosure statement twenty (20) days in which to sign the disclosure statement. If this does not occur, the disclosure statement is stricken.