## In re BELTRAMI ENTERPRISES, INC., Lucky Strike Coal Corp.

Bankruptcy Nos. 5–91–00866, 5–91–01571.

United States Bankruptcy Court,
M.D. Pennsylvania.

Oct. 16, 1995.

Ronald Santora, Wilkes–Barre, PA, for Louis Beltrami.

Donna Clark, Harrisburg, PA, for Charles Gutshall.

Charles Gutshall, Harrisburg, PA, for Trustee in Bankruptcy.

Greg Lyons, Harrisburg, PA, for Office of the U.S. Trustee.

Steven Roth, Robert Schaub, Wilkes–Barre, PA, for Pagnotti Enterprises.

Charles Shea, Kingston, PA, for Anthracite Health & Welfare Fund.

Martin J. Weis, Philadelphia, PA, for Unsecured Creditors' Committee.

Michael Beltrami, Hazleton, PA, for Concorde, et al.

### OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

The application of Federal Rule of Bankruptcy Procedure 9011 has been seldom addressed by the Third Circuit. See *In re Gioioso*, 979 F.2d 956 (3rd Cir.1992); *Landon v. Hunt*, 977 F.2d 829 (3rd Cir.1992); *Cinema Service Corp. v. Edbee Corp.*, 774 F.2d 584 (3rd Cir.1985). Not surprisingly, there is little instruction by the Third Circuit concerning the application of that rule to bankruptcy procedures. The United States Trustee (hereinafter "Trustee") requests the court to apply Rule 9011 to a disclosure statement and plan presented by Pagnotti Enterprises, Inc. (hereinafter "PEI") through its law firm, Rosenn, Jenkins & Greenwald, L.L.P.[1]

Federal Rule of Bankruptcy Procedure 9011 provides, in pertinent part, as follows:

---

1. We have earlier concluded that a lawyer can be required to sign a disclosure statement on behalf of his or her client. *In re Beltrami*, 178 B.R. 388 (Bkrtcy.M.D.Pa.1994).

*(a) Signature.* Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name, whose office address and telephone number shall be stated. A party who is not represented by an attorney shall sign all papers and state the party's address and telephone number. The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case. If a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the person whose signature is required. If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

The bankruptcy court in the case of *In re Ligon,* 50 B.R. 127 (Bkrtcy.M.D.Tenn.1985) addressed the purpose of a disclosure statement as follows:

The purpose of the disclosure statement is to provide sufficient information to enable a reasonable and typical investor to make an informed judgment about the plan. S.REP. NO. 989, 95th Cong., 2d Sess. 121, *reprinted in* 1978 U.S.CODE CONG. & AD.NEWS 5787, 5907. While the debtor cannot be expected to unerringly predict the future, the "information to be provided should be comprised of all those factors presently known to the plan proponent that bear upon the success or failure of the proposals contained in the plan." *In re Stanley Hotel, Inc.,* 13 B.R. 926, 8 BANKR.CT.DEC. (CRR) 35, 5 COLLIER BANKR.CAS.2d (MB) 64 (Bankr.D.Colo.1981). Conclusory allegations or opinions without supporting facts are generally not acceptable. *In re Egan,* 33 B.R. 672, 11 BANKR.CT.DEC. (CRR) 476 (Bankr.N.D.Ill.1983); *In re East Redley Corp.,* 16 B.R. 429, 8 BANKR.CT.DEC. (CRR) 806 (Bankr.E.D.Pa.1982).

Knowledge of the debtor's financial condition is essential before any informed decision concerning the merits of a plan can be made. A description of available assets and their value is a vital element of necessary disclosure. *In re Metrocraft Publishing Services, Inc.,* 39 B.R. 567, 10 COLLIER BANKR.CAS.2d (MB) 1182 (Bankr. N.D.Ga.1984); *See In re A.C. Williams Co.,* 25 B.R. 173, 9 BANKR.CT.DEC. (CRR) 1239 (Bankr.N.D.Ohio 1982). *In re Ligon, supra* at p. 130.

The Trustee, at the time of the hearing, conceded that every disclosure statement lacking adequate information for any interested party to make an informed decision would not necessarily result in a Rule 9011 violation. Nevertheless, the Trustee argues that the disclosure statement submitted by PEI, through its law firm, Rosenn, Jenkins & Greenwald, failed to include basic and vital information necessary for any creditor to make an informed judgment and that the inclusion of certain information and the omission of other information made the disclosure statement inaccurate and misleading. Further, the Trustee argues that PEI and its lawyers knew at the time of the drafting of the disclosure statement and plan of reorganization that they were both inherently flawed to the point where there would be no basis in law upon which the court could approve the disclosure statement and subsequently confirm the plan. The Trustee argues that PEI and Rosenn, Jenkins and Greenwald not only failed to investigate the assets and liabilities of this Debtor and to disclose those assets and liabilities in the disclosure statement, and to adequately re-

view the law, but also engaged in a purposeful deceit of the creditors of this estate.

After conceding that the Trustee would not automatically determine that a failure to include adequate information in the disclosure statement would necessitate a motion for sanctions, the Trustee indicated that that decision would have to be made on a case by case basis. The Trustee, addressing some of the factors it believed weighed heavily on his decision to file the instant motion, stated that "[a] large factor that effected my decision to file sanctions was the posture of the case and—you know, what I perceive to be the antagonism of the parties and the different positions that were being taken by the parties in other matters that affected my conclusions regarding the purpose of the filing of the disclosure statement so, you know, it's a number of factors and but I believe this is an egregious case that ... touches on almost every well every part of Rule 9011." *Transcript dated February 1, 1995 at p. 28.*

In the *In re Ligon* case, *supra,* the court made the following observations about that particular case:

> At the sanctions hearing it was made clear to this court that this is not a case where debtor's counsel has signed and submitted a Chapter 11 disclosure statement which merely fails the statutory test for adequate information contained in 11 U.S.C. § 1125(a). Rather, this is a case where debtor's counsel has exceeded the boundaries of appropriate advocacy by signing and filing documents with the bankruptcy court which he had to have known were materially false and misleading. This was hardly a complicated or difficult bankruptcy case. There were only a handfull of creditors and fewer than a half-dozen identifiable assets. Yet, essentially every available asset of the debtor, though revealed to debtor's counsel, was omitted or misrepresented in the disclosure statement. *In re Ligon, supra* at p. 130.

Further, the court wrote the following on page 133:

> An inadequate disclosure statement will normally be dealt with by the objection and amendment process provided in Chapter 11. Good faith omissions and mistakes or reliance on a reasonable but erroneous interpretation of the law will not usually be a basis for invoking Rule 9011. Further, there may be situations where a lawyer has been misled or lied to by a debtor. In these instances, the lawyer should not fear sanctions where he has made reasonable and diligent inquiries. However, none of these justifications for inadequate disclosure apply here. This is a particularly egregious case. Where a lawyer has signed a disclosure statement which bears little resemblance to what he knows is the debtor's true state of affairs, we will not hesitate in awarding sanctions. *In re Ligon, supra* at p. 133.

Basically, the Trustee's position parrots the two above-quoted paragraphs from the *In re Ligon* court.

Early in the hearing, the court took the position that it would look to a Rule 9011 hearing and the burden on the United States Trustee's office to prove a violation "[i]n a very strict fashion since I believe it is punitive and he [United States Trustee] will make his case rather strongly. Maybe I put that undue burden on you, but it's a burden that I'm choosing to put on you." *Transcript dated February 1, 1995 at pp. 15–16.*

The court has thoroughly reviewed the evidence presented during the two (2) day hearing on this matter and cannot conclude that the Trustee should prevail on its motions for sanctions. Unlike the court in *In re Ligon,* this present bankruptcy case has devolved into a contest between the chapter eleven Trustee and the principal creditor of the estate (PEI), both of whom are fully knowledgeable about the case. Unlike the *In re Ligon* case, this bankruptcy is more complex than the average chapter eleven case with various litigation proceedings between PEI and other parties in interest, both in district court as well as bankruptcy court. There are significant assets and substantial debt.

Should PEI and its lawyers have submitted a disclosure statement containing much more information by way of a succinct listing of assets and their values? Perhaps. Could the disclosure statement have been the subject of better draftsmanship as a result of a more thorough investigation into the facts

**306**

and a more concise analysis of the law concerning the approval of the disclosure statement and confirmation of the plan of reorganization? Undoubtedly. But is this a case, as where a creditor, together with its lawyer, acted in such an egregious manner to compel this court to impose sanctions because of the inadequacy of a disclosure statement? Certainly not.

As the *In re Ligon* court suggests, an inadequate disclosure statement will normally be dealt with by an objection and an amendment process provided in chapter eleven. The Trustee has certainly presented compelling argument as to why both the instant disclosure statement and plan of reorganization can be neither approved nor confirmed by this court. Notwithstanding this opinion, the Trustee's motion has sent a signal, particularly to the law firm involved in this case, and to all those who practice in the Middle District of Pennsylvania, that they should take more care and time in their investigation, preparation of disclosure statements and plans, and the factual investigation and legal analysis that go hand in hand with that preparation before coming to this court seeking approval of disclosure statements and confirmation of plans of reorganization.