### In re WATERVILLE TIMESHARE GROUP, Debtor.

### Bankruptcy No. 84–460.

United States Bankruptcy Court,
D. New Hampshire.

Nov. 25, 1986.

Diane Puckhaber, Concord, N.H., for debtor.

Dennis Bezanson, S. Portland, Me., Trustee.

Robert Resnick, Boston, Mass., for Creditors Committee.

### ORDER

JAMES E. YACOS, Bankruptcy Judge.

Following the conclusion of the hearing on November 4, 1986 on the adequacy of the disclosure statement filed by the Chapter 11 trustee with regard to the first pending plan of reorganization in this case—being a "Joint Plan" submitted by the trustee, the Creditors' Committee, and Columbia University—certain general partners of the above-named debtor partnership, i.e.,

MHAC New Hampshire, Inc., and Ludtke Associates, Inc., filed a "Motion For Findings Of Fact And Rulings Of Law" on November 14, 1986 with regard to objections to the Chapter 11 trustee's disclosure statement that they had filed and had heard at the November 4, 1986 hearing.

The hearing on November 4, 1986 consumed in excess of two hours during which the court dictated detailed rulings into the record as to the various objections raised. The court then directed the Chapter 11 trustee to submit an amended disclosure statement tracking the rulings of the court and indicated that the court would enter an order approving the amended disclosure statement without further hearing if it found the amended disclosure statement to be in accordance with its rulings.

The Chapter 11 trustee on November 20, 1986 did file his "First Amended Disclosure Statement". The court has reviewed the amended disclosure statement and, finding that it does conform to its rulings at the November 4, 1986 hearing, has entered its separate order this date in the regular form approving the disclosure statement and fixing time for filing of acceptances or rejections, and providing for a hearing on confirmation of the Chapter 11 plan. In entering such order the court has found, as it is required to do under 11 U.S.C. § 1125, that the amended disclosure statement, viewed as a whole and in its entirety, provides adequate information of a kind and in detail as is reasonably practicable to enable parties in interest to make an informed judgment about the plan.

The key statutory provision is the definition in § 1125(a) providing as follows:

(a) In this section—(1) "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan. . . .

§ 1125(b) also provides that the court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets.

The case law establishes that a disclosure statement under Chapter 11 is "intended to assist the creditors in evaluating the plan on its face rather than to promote a comparison among various proposed plans." *In re Brandon Mill Farms, Ltd.*, 37 B.R. 190, 10 C.B.C.2d 283 (Bankr.N.D. Ga.1984). In my judgment approval of a disclosure statement is an interlocutory action in the progress of a Chapter 11 reorganization effort leading to a confirmation hearing at which all parties have ample opportunity to object to confirmation of the plan. It is not intended to be the primary focus of litigation in a contested Chapter 11 proceeding. See, *In re Hughes Marina, Inc.*, 6 BCD 978, 979 (Bankr.W.D.N.Y. 1980); *Matter of Georgetown Of Kettering*, 17 B.R. 73, 8 BCD 934, 935 (Bankr.S.D. Ohio 1981). *5 Collier On Bankruptcy*, 15th Ed. § 1125.03[1] (1986).

Moreover, overly technical and extremely numerous additions to a disclosure statement suggested by an objecting party may themselves be self-defeating in terms of the resulting clarity and understandability of the document to the average investor. Cf. *In re Stanley Hotel Inc.*, 13 B.R. 926, 933 (Bankr.D.Colo.1981). I accept and follow the observation of bankruptcy Judge Moore in the *Stanley Hotel* case on this point:

A disclosure statement must be meaningful to be understood, and it must be understood to be effective. Thus, what lawyers regard as useful information based upon their experience might be meaningless verbiage in the hands of a "typical" investor. Accordingly, by overburdening a proponent's disclosure statement with information significant and meaningful to lawyers alone may result ultimately in reducing the disclosure statement to an overlong, incomprehensible, ineffective collection of words to

those whose interests are to be served by disclosure. Thus, compounding a disclosure statement for the sake of a lawyer's notion of completeness, or because some additional information might enhance one's understanding, may not always be necessary or desirable, and the length of a document should not be the test of its effectiveness.

The objecting general partners have filed their own plan of reorganization in this case. They filed their plan a few minutes before the close of the disclosure statement hearing on the Chapter 11 trustee's plan on November 4, 1986. As equity interests junior to the creditors, and given only a remote chance for any distribution under the pending Joint Plan, they are understandably distressed. In such instances the court has to "take with a grain of salt" the typical myriad of objections to a disclosure statement filed by a competing plan proponent. The statutory provision in § 1125(a) was amended in 1984, as indicated in the portion quoted above, to make it clear that an adequate disclosure statement does not need to discuss competing or alternative plans. This provision eliminates the use of the plan/disclosure hearing for what I have referred to as "strategic objections" by a competing plan proponent designed primarily to delay and hobble the efforts of the first party to put a plan before the court.

Much of the conflict between the objecting general partners and the Chapter 11 trustee revolves around the wisdom of the compromise with Columbia University that is an integral part of the pending Joint Plan. The actual settlement agreement is attached to the plan and will go out with the disclosure materials to the parties in interest. The objecting partners believe that the suspended litigation with Columbia University should be pursued to obtain a subordination of their claim. However, the wisdom of that compromise will be a prime issue at the confirmation hearing on the Joint Plan, and the objecting partners as well as any other party in interest will have a full opportunity to voice and have heard their objections to the compromise at that time. By its separate order the court has reserved two full trial days for the confirmation hearing on the Joint Plan, for an appropriate determination as to the fair and equitable nature of the proposed compromise.

This court must approve or disapprove disclosure statements in various Chapter 11 proceedings on a weekly basis and would have little time for anything else if it had to file detailed rulings on every legal issue as to adequacy of disclosure that the fertile mind of a competing plan proponent can devise. I believe on the contrary that the procedure here employed was fair and appropriate in the circumstances, i.e., an extended hearing at which the objecting parties were given ample opportunity to voice their strongest objections, with immediate rulings dictated into the record thereon, and with an overall finding and conclusion by the court that the amended disclosure statement as a whole gives "adequate information" as is "reasonably practicable" to permit an "informed judgment" by those called upon to vote upon the Chapter 11 trustee's plan of reorganization.

For all of the foregoing reasons the pending motion by MHAC New Hampshire, Inc., and Ludtke Associates, Inc., filed after the conclusion of the disclosure statement on the Chapter 11 trustee's plan of reorganization is hereby denied, except that the request for determination as to whether the disclosure hearing of November 4, 1986 was closed is answered in the affirmative.