**160**

**In re GEORGETOWN SOUTH APART-MENTS OF TUSCARAWAS COUNTY, II, LTD., Debtor.**

**Bankruptcy Nos. 2–90–02398, 31–1079891.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Jan. 16, 1992.

John Andrew Merkle, Denmead, Blackburn & Brown, Columbus, Ohio, for debtor.

Patrick Keating, Buckingham, Doolittle & Burroughs, Akron, Ohio, for Belmont Fed. Sav. & Loan Ass'n.

Carol Stebbins, Marilyn Shea–Stonum, Jones, Day, Reavis & Pogue, Columbus, Ohio, co-counsel to Asst. U.S. Trustee.

Charles M. Caldwell, Columbus, Ohio, Asst. U.S. Trustee.

Jay Alix, Jay Alix & Associates, Southfield, Mich., Chapter 11 Trustee.

Michael L. Cook, Sally M. Henry, Skadden, Arps, Slate, Meagher & Flom, New York City, co-counsel to Chapter 11 Trustee.

Leon Friedberg, Benesch, Friedlander, Coplan & Aronoff, Columbus, Ohio, for Official Committee of Unsecured Creditors.

Harvey S. Minton, Minton & Leslie, Columbus, Ohio, Charles J. Taunt, Charles J. Taunt & Associates, Birmingham, Mich., Gary H. Cunningham, Kramer Mellen, P.C., Southfield, Mich., special counsel to trustee of the Consolidated Estate.

James Bownas, Cardinal Industries, Inc., Columbus, Ohio.

Thomas I. Blackburn, Denmead, Blackburn and Brown, Gary Paul Price, Columbus, Ohio, Robert H. Skilton, Gardner, Carton & Douglas, Chicago, Ill., Kenneth R. Cookson, Carlile, Patchen, Murphy & Allison, Columbus, Ohio, Mark A. Beatrice, Manchester, Bennett, Powers & Ullman, Youngstown, Ohio, David G. Korn, Victor S. Krupman, John A. VanSickle, Robert J.

Behal, Crabbe, Brown, Jones, Potts & Schmidt, Columbus, Ohio, Daniel M. Katlein, Michael C. Hammer, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich., Thomas R. Noland, Altick & Corwin, Dayton, Ohio, Harry W. Greenfield, Buckley, King & Bluso, Richard G. Hardy, Ulmer & Berne, Cleveland, Ohio, for debtors' Ltd. Partnership.

## MEMORANDUM OPINION DENYING APPROVAL OF FIRST AMENDED DISCLOSURE STATEMENT

BARBARA J. SELLERS, Bankruptcy Judge.

Before the Court is the requested approval of a first amended disclosure statement ("Disclosure Statement") filed by Chapter 11 debtor Georgetown South Apartments of Tuscarawas County, II, Ltd. ("Georgetown"). Although no parties filed objections to the adequacy of this Disclosure Statement, the Court, through its independent review, notes certain problems.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) which this bankruptcy judge may hear and determine.

Georgetown is a syndicated limited partnership with twenty limited partners. It is one of approximately 300 debtors in Chapter 11 before this Court in which Cardinal Industries, Inc. or one of its affiliates is a general partner ("Cardinal Partnership"). Because of the large number of disclosure statements filed in these related Cardinal Partnership cases, this Disclosure Statement is an appropriate one in which to address several recurring problems.

The syndicated Cardinal Partnership plans and disclosure statements the Court has reviewed generally call for the partnership to seek additional capital contributions from its existing limited partners. In this regard, Georgetown will seek an additional contribution from its limited partners in the amount of $2,000 for each unit the limited partner now holds. Georgetown has also added a provision to its plan which permits it, under certain circumstances, to offer new limited partnership units to unrelated third party investors.

In its disclosure relating to this potential new offering, Georgetown has added the following language to its Disclosure Statement:

(a) The Debtor shall not offer to sell or solicit offers to buy Class A Units unless such offers to sell and solicitations of offers to buy Class A Units shall be made pursuant to the Securities Act of 1933 (15 U.S.C. Section 77(a), et seq.) (the "Securities Act"), the rules and regulations promulgated thereunder and any applicable State securities laws;

(b) Unless the Court approves the Disclosure Statement, the Debtor shall not use the Disclosure Statement or any other materials to sell Class A Units and to solicit offers to buy Class A Units; the Debtor may supplement the copies of the Disclosure Statement provided to potential New Investors with the materials that are attached to the Disclosure Statement as Exhibit "H"; the Debtor may not use any materials other than those described in this paragraph to sell Class A Units or to solicit offers to buy Class A Units;

(c) The Debtor may permit any potential New Investor to conduct his own due diligence review of the Property and the Debtor's books and records;

(d) The agreement of sale with a New Investor (i) must include the representations by the Debtor that (A) the sale of the Class A Units is exempt from the registration and prospectus delivery requirements of the Securities Act, (B) no form of general solicitation or general advertising was used by the Debtor in connection with each offer or sale of Class A Units and (C) no fact is known to the Debtor that has not been disclosed in the Disclosure Statement, as supplemented, that materially adversely affects, or that the Debtor can reasonably foresee shall materially affect, the Property, business, prospects, operations, earnings, assets, liabilities or condition (financial or otherwise) of the Debtor and (ii) must

include the representation of the New Investor that (A) such New Investor is an "accredited investor" as defined in Rule 501(a) of the regulations promulgated under the Securities Act and (B) such New Investor is purchasing the Class A Units for his own account and with no intention of distributing or reselling such Class A Units in any transaction that would be in violation of the securities laws of the United States of America or of any State thereof;

(e) The price for any Class A Unit sold to a New Investor under the Plan will be Two Thousand Dollars ($2,000.00) per unit, and any sale to a New Investor shall be conditioned upon confirmation of the Plan;

(f) The expenses incurred in connection with a possible sale of Class A Units to New Investors shall be borne by the Debtor; and

(g) The proceeds of any sale of a Class A Unit to a New Investor will be received by the Debtor as a new capital contribution in respect of the Class A Unit sold.

Amended Disclosure Statement at pages 41–42. (Exhibit "H" is titled "Private Placement Memorandum.")

The Court finds that the majority of this language is inappropriate in the context of this Chapter 11 debtor's disclosure statement. Indeed, much of the language appears to be a thinly disguised effort to have this Court approve solicitation materials to be offered to investors if existing limited partners do not contribute in amounts sufficient to recapitalize the debtor. The fact that such additional capital will be sought will apparently not be known until the date of the hearing on confirmation. Therefore, the new investors to be sought will not be voting on the plan and the amount or fact of their contributions cannot be part of what other parties will consider when deciding whether to vote for or against the plan. Consequently, the details of that solicitation are also irrelevant.

■ A disclosure statement should "contain all pertinent information bearing on the success or failure of the proposals in the plan of reorganization." *In re Cardinal Congregate I, an Ohio Limited Partnership,* 121 B.R. 760, 765 (Bankr.S.D.Ohio 1990). The correlative of this is that nonpertinent information should not be included to avoid potential confusion. *In re Waterville Timeshare Group,* 67 B.R. 412, 413 (Bankr.D.N.H.1986).

This court agrees with the following succinct statement:

A disclosure statement must be meaningful to be understood, and it must be understood to be effective. Thus, what lawyers regard as useful information based upon their experience might be meaningless verbiage in the hands of a "typical" investor. Accordingly, by overburdening a proponent's disclosure statement with information significant and meaningful to lawyers alone may result ultimately in reducing the disclosure statement to an overlong, incomprehensible, ineffective collection of words to those whose interests are to be served by disclosure. Thus, compounding a disclosure statement for the sake of a lawyer's notion of completeness, or because some additional information might enhance one's understanding, may not always be necessary or desirable, and the length of a document should not be the test of its effectiveness.

*In re Stanley Hotel, Inc.,* 13 B.R. 926, 933–934 (Bankr.D.Co.1981).

■ If Georgetown or any other Cardinal Partnership debtor wants to offer limited partnership units to new investors after confirmation, the only information which should be in the disclosure statement is a statement that the debtor may offer those units and that in doing so it will comply with any and all applicable securities law. This Court, however, will not determine whether the language in the disclosure statement or its exhibits complies with the securities laws.

■ Since the solicitation of new investors will apparently be done post-confirmation, if at all, the details of such solicitation need not be treated so extensively in a

disclosure statement. Accordingly, such language added to an already lengthy disclosure statement is superfluous and will not be approved by the Court. If the solicitation is to be done pre-confirmation because the plan's feasibility depends upon that new capital, such investment should be in place and part of what is disclosed to parties being asked to vote on the plan. If some other sequence of events is contemplated, that should be much more explicitly stated. As the Disclosure Statement presently exists, the last two paragraphs on page 40 are inconsistent and confusing.

Georgetown's Disclosure Statement has a further specific problem regarding the purported assumption of "Partnership Administration Contract." The Disclosure Statement contains conflicting provisions about this contract throughout (pp. 13, 36 and 33). Georgetown's second amended disclosure statement should clarify these provisions and make them consistent.

## CONCLUSION

Based upon the foregoing, approval of the Disclosure Statement, as proposed, is denied. Georgetown is given twenty (20) days from the entry of this Memorandum Opinion to file a second amended disclosure statement which supplements the current statement to accommodate the Court's concerns. If such second amended disclosure statement is adequate, no further hearings will be necessary.

IT IS SO ORDERED.