In re I–37 GULF LIMITED
PARTNERSHIP, Debtor.

MBANK CORPUS CHRISTI,
N.A., Plaintiff,

v.

Roy L. SEIKEL, William A. Davis, E. Michael Harding, Jack W. Ottinger, Jana L. Seikel and Coy Hollingshead, Defendants.

Bankruptcy No. 84–02069–C2–5.
Adv. No. 84–1116–C2.

United States Bankruptcy Court,
S.D. Texas,
Houston, Texas.

April 26, 1985.

Barbara J. Houser, Dallas, Tex., for I-37 Gulf Ltd. Partnership and I-37 Corp.

Matthew A. Rosenstein, Corpus Christi, Tex., for MBank Corpus Christi, N.A.

Robert C. Maley, Jr., Houston, Tex., for Roy L. Seikel, William A. Davis, E. Michael Harding, Jack W. Ottinger, Jana L. Seikel and Coy Hollingshead.

Deborah K. Poole, Dallas, Tex., for Lincoln Sav. Bank.

Murry Drabkin, Washington, D.C., for Manhattan Sav. Bank.

R.F. WHELESS, Bankruptcy Judge.

The foregoing adversary is a proceeding brought by MBank Corpus Christi, N.A. against the general partners of a limited partnership. The purpose of the proceeding is to obtain an order of the court requiring each general partner of the limited partnership (i.e. the debtor—I-37 Gulf Limited) to prepare and file their respective statements of personnel assets and liabilities and also to cause each of them to surrender to a trustee appointed by this Court all of their respective assets for administration and marshalling in this bankruptcy case.

On or about November 1, 1984 the debtor filed for relief pursuant to Chapter 11 of the Bankruptcy Code and has at all material times continued as debtor-in-possession of its assets. The debtor operates a Hilton Hotel franchise located at Highway I-37 and Corn Products Road, Corpus Christi, Texas. Phases I and II of the debtor's hotel property are secured by a first lien indebtedness in favor of Lincoln Savings Bank in the original principal sum of $6,900,000. Phase III of the debtor's hotel property is secured by a first lien indebtedness to secure "installment loan payments" due pursuant to and under that certain loan agreement dated as of November 1, 1982 between CCIDC and the debtor with respect to CCIDC Revenue Bonds Series 1982 (I-37 Gulf Limited Project) in the original principal amount of $5,800,000, which security has been assigned to MBank, Trustee. Lincoln Savings Banks owns a second deed of trust lien on Phase III of the hotel, and MBank has a second lien on Phases I & II.

MBank has alleged, and this Court accepts such allegations as being true for the purposes of this hearing, that on November 1, 1984 the debtor failed to pay MBank the required principal and interest of $572,170 and is now in default under the terms of its loan agreement, and that as of November 1, 1984 the unpaid principal owed to MBank was $5,527,400. In addition the debtor is in default in its payments to Lincoln Savings Bank. Respondents are general partners of the debtor and are jointly and severally liable in their capacities as general partners to the creditors of the debtor's estate. The plaintiffs herein allege that the respondents collectively own assets with a value sufficient to pay in full all of the indebtednesses owed by the debtor, i.e. an alleged net worth of $57,543,109.

In support of its request for such relief, MBank cites *Elemar Assoc. v. Victor Goldsmith*, 3 B.C.D. 958 (1977), a decision decided by Bankruptcy Judge Roy Babitt of New York under Section 5(g) of the Bankruptcy Act. Section 5(g) of the Bankruptcy Act was the marshalling provision of the partnership provisions of the Act.

In that case Judge Babitt noted that the partnership and its general partners are distinct and separate entities and that each may own property and owe debts apart from the other. The Court further noted that partnership debts are obligations of the general partners of the firm and that the individual liability of the partners is not

collateral like that of a surety but is primary and direct.

Judge Babitt further noted that there was authority for the proposition that under the Bankruptcy Act and under certain circumstances, the trustee of the bankrupt partnership could administer the assets of a general partner who had not been adjudged a bankrupt and could apply the surplus of the general partner's assets to partnership debts in accordance with the provisions of Section 5(g) of the Bankruptcy Act.

The Bankruptcy Act was superseded by the Bankruptcy Code which became effective October 1, 1979. The new Code has express provisions concerning the rights of a trustee against a partner. These rights are expressed in § 723 of the Bankruptcy Code. 11 U.S.C. § 723. Section 723 of the Bankruptcy Code eliminated the marshalling doctrine provided for by Section 5(g) of the Bankruptcy Act. Under the Code the trustee has a claim against the estate of each general partner in a partnership that is a debtor under Title 11 for the full amount of all claims of creditors allowed in the case concerning such partnership. The claim of the trustee against such partners is entitled to distribution in each such partner's case, as provided under § 726(a) of this Title, the same as any other claim of a kind specified in such section. On the other hand § 723(a) states as follows:

(a) If there is a deficiency of property of the estate to pay in full all claims which are allowed in a case under this chapter concerning a partnership and with respect to which a general partner of the partnership is personally liable, the trustee shall have a claim against such general partner for the full amount of the deficiency.

(b) To the extent practicable, the trustee shall first seek recovery of such deficiency from any general partner in such partnership that is not a debtor in a case under this title. Pending determination of such deficiency, the court may order any such partner to provide the estate with indemnity for, or assurance of payment of, any deficiency recoverable from such partner, or not to dispose of property.

(c) Notwithstanding § 728(c) of this title, the trustee has a claim against the estate of each general partner in such partnership that is a debtor in a case under this title for the full amount of all claims of creditors allowed in the case concerning such partnership. Notwithstanding § 502 of this title, there shall not be allowed in such partner's case a claim against such partner on which both such partner and such partnership are liable, except to any extent that such claim is secured only by property of such partner and not by property of such partnership. The claim of the trustee under this subsection is entitled to distribution in such partner's case under § 726(a) of this title the same as any other claim of a kind specified in such section.

(d) If the aggregate that the trustee recovers from the estates of general partners under subsection (c) of this section is greater than any deficiency not recovered under subsection (b) of this section, the court, after notice and a hearing, shall determine an equitable distribution of the surplus so recovered, and the trustee shall distribute such surplus to the estates of the general partners in such partnership according to such determination.

■ These provisions clearly imply that the trustee of the partnership debtor must exhaust the assets of the partnership prior to seeking a claim against a general partner, or at least must determine with reasonable certainty that such a deficiency exists.

■ In addition, under the provisions of § 103 of the Bankruptcy Code, Subchapters I & II of Chapter 7 of Title 11 apply *only* in a case under such chapter. Section 723 is a part of Subchapter II of Chapter 7 and is therefore inapplicable to a case pending under Chapter 11. The I-37 Gulf Limited Partnership is a pending Chapter 11 case. Therefore, it is clear that Congress intend-

ed to exclude the operative effects of § 723 from a Chapter 11 case such as this one.

In further support of its position that the general partners should be ordered to surrender their assets to the trustee, MBank cites §§ 28 and 40 of article 6132b of the Texas Uniform Partnership Act. I fail to find support in the cited sections for MBank's argument. While MBank quotes § 40 as defining the assets of a partnership to include: "The contribution of the partners necessary for the payment of all liabilities owing to creditors other than partners," a close reading reveals that § 40 applies to the settling of accounts *between partners.* This is not the situation in the case at bar. Neither is § 28 applicable. While it permits a Court to charge the interest of a debtor partner with payment of an unsatisfied amount of judgment debt, the charging order is only for judgment creditors of an individual partner. See comment following Tex.Rev.Civ.Stat.Ann. art. 6132b–28 (Vernon).

■ Since § 723 would be available in a liquidating bankruptcy (i.e. Chapter 7) and therefore the assets of the general partners could be reached by the liquidating trustee to satisfy any deficiency in payment of the debts of the partnership, it seems clear to this Court that if all of the partners are solvent as alleged herein no plan can be confirmed unless all creditors are paid in full. Therefore, since Chapter 11 is a rehabilitative section, it seems clear to the undersigned that Congress in its wisdom deliberately eliminated the type of action provided for in § 723 of the Bankruptcy Code by the terms of § 103, insofar as a Chapter 11 proceeding is concerned. On the other hand, it is necessary for the Court to determine the net worth of each of the partners of the partnership, in order to determine whether a plan can be confirmed under § 1129(a)(7) of the Bankruptcy Code. If a plan cannot be confirmed and the case is converted, information concerning the assets and liabilities of the general partners would be necessary due to the provisions of § 723 of the Code.

■ `Therefore, this Court declines to require the assets of the various partners to be turned over to the debtor-in-possession in this Chapter 11 proceeding, but will require the individual general partners of the debtor to file a statement of assets and liabilities in the form and manner as provided for individual debtors in a Chapter 11 proceeding. This information is to be provided to the Court and the complaining secured creditors the earlier of five days prior to any disclosure hearing and 60 days from the date hereof.

In making this ruling the Court is cognizant of the provisions of Bankruptcy Rule 9001 which states, under the definition of "Debtor",—"when any act is required by these rules to be performed by a debtor ..., if the debtor is a partnership, 'debtor' includes any or all of its general partners or, if designated by the Court, any other person in control." Bankruptcy Rule 1007(g) provides, in part, "The Court may order any general partner to file a statement of personal assets and liabilities with the Court within such time as the Court may fix." In addition Bankruptcy Rule 2009(e) provides, in part, "... the Trustee of a partnership estate shall also be the trustee of the individual estate of any general partner if the estates are being jointly administered unless...."

The clear implication of these Rules indicate that it is not the intention of the Rules to provide for the relief requested by the plaintiffs herein, insofar as the administration of the estate of the individual general partner by the debtor-in-possession or a trustee appointed in this Chapter 11 proceeding. However, in the event of a conversion to a Chapter 7 proceeding, obviously § 723 would be applicable.

The debtor is requested to prepare and present an order consistent with this opinion.