In re The MONETARY
GROUP, Debtor.

In re The SECURITIES GROUP
1980, Debtor.

In re The SECURITIES
GROUP, Debtor.

Bankruptcy Nos. 84–428–BK–J–GP,
84–431–BK–J–GP and
84–433–BK–J–GP.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Nov. 26, 1985.

William G. Cooper, Jacksonville, Fla., for trustee.

Guy 'R. Fairstein, New York City, for Atkins and Barnett.

John B. Macdonald, Jacksonville, Fla., for Riley, Gonzales, and Graziano.

Mitchell W. Legler, Jacksonville, Fla., for debtors.

ORDER DENYING TRUSTEE'S MOTION TO COMPEL INDEMNIFICATION UNDER 11 U.S.C. § 723 BUT GRANTING MOTION DIRECTING EACH GENERAL PARTNER TO FILE A STATEMENT OF PERSONAL ASSETS AND LIABILITIES PURSUANT TO BANKRUPTCY RULE 1007(g)

GEORGE L. PROCTOR, Bankruptcy Judge.

On November 13, 1985, this Court heard arguments on the motion of the Chapter 11 trustee to compel indemnity by the general partners of the partnership debtors pursuant to 11 U.S.C. § 723, to restrain the general partners from disposing of assets and to direct each general partner to file a statement of personal assets and liabilities pursuant to Bankruptcy Rule 1007(g).

The debtors, The Monetary Group, The Securities Group 1980, and The Securities Group, each filed for relief under 11 U.S.C. Chapter 11 on May 25, 1984. At that time, each debtor became a debtor-in-possession and acted as such until June 11, 1985, when Louis A. Lowin was appointed to serve as trustee for each of the estates. Throughout the entire bankruptcy case, each debtor has been liquidating its assets in order to generate a fund from which to pay creditors.

The Court is presented with two issues: (1) whether 11 U.S.C. § 723 of the Bankruptcy Code authorizes a Chapter 11 Trustee to seek indemnity from the general partners of the liquidating partnership debtor; and (2) whether Bankruptcy Rule

1007(g) authorizes the Court to direct a general partner of a Chapter 11 partnership debtor to file a statement of personal assets and liabilities.

*Section 723 Indemnification*

Section 723(a) of the Bankruptcy Code provides that:

If there is a deficiency of property of the estate to pay in full all claims which are allowed in a case under this chapter concerning a partnership and with respect to which a general partner of the partnership is personally liable, the trustee shall have a claim against such general partner for the full amount of the deficiency.

11 U.S.C. § 723(a).

Essentially, this section authorizes the bankruptcy trustee to seek contribution from each general partner of the partnership debtor to the full extent the debtor's liabilities exceed its assets. This right of indemnification is not without limitation however. First, 11 U.S.C. § 723 makes clear that the right to indemnification is contingent upon a deficiency existing after all the assets of the partnership debtor are exhausted. Second, 11 U.S.C. § 103(b) prescribes that § 723 is only available in cases under Chapter 7. This second limitation is before the Court in the question of whether the clear language of 11 U.S.C. § 103 prevents a Chapter 11 trustee from utilizing § 723.

Section 103 is a procedural section under the Bankruptcy Code which prescribes which chapters and subchapters govern the various cases filed under Chapters 7, 9, 11 and 13. Specifically, § 103(b) provides that "Subchapters I and II of Chapter 7 ... apply *only* in a case under such chapter." [emphasis added.] 11 U.S.C. § 103(b). Section 723 is a part of subchapter II of Chapter 7, therefore, according to § 103(b), § 723 is available to a trustee only in a case under Chapter 7. *See In re I–37 Gulf Ltd. Partnership*, 48 B.R. 647 (Bkrtcy, S.D.Texas 1985); *see also In re Community Hospital, Inc.*, 5 B.R. 11 (Bkrtcy, S.D.N.Y.1980).

The partnership debtors involved in this matter filed their cases under Chapter

11 and are currently proceeding under that chapter. Section 103(b) governs this Chapter 11 case and prevents the trustee from seeking indemnification under the authority of § 723. The fact that the debtors involved are in a liquidating Chapter 11 case does not affect the express provisions of § 103(b). Congress was aware at the time it enacted § 103 of the possibility of liquidating Chapter 11 cases and did not make any exception.

■ Alternatively, Mr. Lowin asserts that the Court may use 11 U.S.C. § 105 as authority to require indemnification from the general partners in a liquidating Chapter 11. Section 105(a) grants the Bankruptcy court broad equitable powers to "issue any order ... that is necessary or appropriate to carry out the provisions ..." of Title 11. 11 U.S.C. § 105(a). The Court cannot solely rely upon § 105(a) to grant a motion for indemnification without circumventing the express and narrow prescriptions of § 103(b). Procedurally, if the trustee intends to seek pure equitable relief under § 105 then Bankruptcy Rule 7001 requires the matter to be brought as an adversary proceeding.

### *Bankruptcy Rule 1007(g)*

■ Bankruptcy Rule 1007(g) authorizes the Court to require the general partners of a partnership debtor to file statements of personal assets and liabilities. Although this rule implements § 723 of the Bankruptcy Code, it is not limited to that singular purpose. The information contained in a statement of personal assets and liabilities filed by each general partner of a Chapter 11 partnership debtor would also help the Court determine whether the plan complies with 11 U.S.C. § 1129. The "best interests of creditors" test requires the Court to find that each impaired class of claims or interests will receive more under the Chapter 11 plan than they would in a Chapter 7 liquidation. *See* 11 U.S.C. § 1129(a)(7)(A)(ii). Section 723 would be available to a trustee or debtor-in-possession in a Chapter 7 case. Therefore, if the general partners were solvent and could satisfy any deficiency in the payment of debts of the partnership then the Chapter

11 plan could not be confirmed *unless* the plan provided for a 100% pay-out to all creditors. Good cause is found for the granting of the motion.

It is therefore ORDERED:

(1) The trustee's motion for indemnification propounded pursuant to § 723, § 105, or otherwise is denied.

(2) The Bankruptcy Rule 1007(g) Motion is granted, and the general partners of each debtor which are named in the motion are required to file a statement of personal assets and liabilities as if each was an individual debtor filing for relief under Chapter 11 within sixty (60) days from the date of this Order.