**In re SCIOTO VALLEY MORTGAGE COMPANY, Debtor.**

**Bankruptcy Nos. 2–86–05116, 31–0844734.**

United States Bankruptcy Court, S.D. Ohio, E.D.

June 23, 1988.

Yvette A. Cox, Arter & Hadden, Columbus, Ohio, for William G. Hayes, Jr., Trustee.

Stephen K. Yoder, Bricker & Eckler, Columbus, Ohio, for BancOhio Nat. Bank.

Lawrence J. Hackett, Office of the U.S. Trustee, Columbus, Ohio.

## ORDER ON FIRST AMENDED DISCLOSURE STATEMENT

R. GUY COLE, Jr., Bankruptcy Judge.

### I. *Preliminary Considerations*

This matter is before the Court upon the request of Scioto Valley Mortgage Company (the "Debtor") for approval of its First Amended Disclosure Statement ("Disclosure Statement"). Objections to the Debtor's request for approval have been filed by William G. Hayes, Jr., Trustee for Beacon Securities, Inc. and its consolidated affiliates; R. Dale Smith; BancOhio National Bank; and the United States Trustee. Upon conclusion of an actual, evidentiary hearing, the Court ruled orally that the Disclosure Statement omits adequate information as that term is defined in 11 U.S.C. § 1125(a). The Court hereby supplements its oral ruling with this Order.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this judicial district. This is a core proceeding which the Court may hear and determine. 28 U.S.C. § 157(b)(1) and (2)(A). The following opinion constitutes the Court's finding of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

### II. *Facts*

No interest would be served by the recitation of the numerous facts which were adduced at the nearly four-hour hearing on this matter. Suffice it to say, testimony was elicited from several witnesses and numerous documents were introduced into evidence. On the basis of the record made at the hearing, the Court finds that the Disclosure Statement does not contain information of a kind, and in sufficient detail, as far as is reasonably practicable in light

Deborah P. Ecker, Luper, Wolinetz, Sheriff & Neidenthal, Columbus, Ohio, for debtor.

Joel E. Wesp, Richard T. Ricketts, Wesp, Osterkamp & Stratton, Columbus, Ohio, for R. Dale Smith.

of the nature and history of the Debtor and the condition of the Debtor's books and records, that would enable a hypothetical reasonable investor typical of the holders of claims or interests to make an informed judgment about the plan.

### III. *Discussion*

One of the fundamental policies underlying the Chapter 11 reorganization process is disclosure. The disclosure statement was intended by Congress to be the primary source of information upon which creditors and shareholders could rely in making an informed judgment about a plan of reorganization. *See In re Egan*, 33 B.R. 672, 675 (Bankr.N.D.Ill.1983). No simple method exists for determining whether a disclosure statement contains adequate information. A determination as to what constitutes adequate information in any particular instance must occur on a case-by-case basis under the facts and circumstances presented. Generally, the disclosure statement should set forth "all those factors presently known to the plan proponent that bear upon the success or failure of the proposals contained in the plan." *In re The Stanley Hotel, Inc.*, 13 B.R. 926, 929 (Bankr.D.Colo.1981). Although the term "adequate information" is not susceptible to precise definition, 11 U.S.C. § 1125 provides the framework for the Court's determination. Section 1125(b) of the Bankruptcy Code provides as follows:

(b) An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such solicitation, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing *adequate information.* The court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets. (emphasis added)

"Adequate information" is defined in 11 U.S.C. § 1125(a)(1) to mean:

... information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan.

A number of courts have provided a list of the type of information which should be addressed by a disclosure statement. Such information includes the following:

1. The circumstances that gave rise to the filing of the bankruptcy petition;

2. A complete description of the available assets and their value;

3. The anticipated future of the debtor;

4. The source of the information provided in the disclosure statement;

5. A disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

6. The condition and performance of the debtor while in Chapter 11;

7. Information regarding claims against the estate;

8. A liquidation analysis setting forth the estimated return that creditors would receive under Chapter 7;

9. The accounting and valuation methods used to produce the financial information in the disclosure statement;

10. Information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors, and/or officers of the debtor;

11. A summary of the plan of reorganization;

12. An estimate of all administrative expenses, including attorneys' fees and accountants' fees;

13. The collectibility of any accounts receivable;

14. Any financial information, valuations or *pro forma* projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

15. Information relevant to the risks being taken by the creditors and interest holders;

16. The actual or projected value that can be obtained from avoidable transfers;

17. The existence, likelihood and possible success of non-bankruptcy litigation;

18. The tax consequences of the plan; and

19. The relationship of the debtor with affiliates.

*See In re Inforex, Inc.*, 2 C.B.C.2d 612 (Bankr.D.Mass.1980); *In re William F. Gable Co.*, 10 B.R. 248, 249 (Bankr.N.D.W. Va.1981); *In re A.C. Williams Co.*, 25 B.R. 173, 176 (Bankr.N.D.Ohio 1982); *In re Malek*, 35 B.R. 443, 444 (Bankr.E.D.Mich. 1983); *In re Metrocraft Publishing Services, Inc.*, 39 B.R. 567, 568 (Bankr.N.D.Ga. 1984); *In re Jeppson*, 66 B.R. 269, 292 (Bankr.D.Utah 1986).

Disclosure of all the aforementioned information is not necessary in every case. Conversely, the list is not exhaustive; and a case may arise in which disclosure of all the foregoing type of information is still not sufficient to provide adequate information upon which the holders of claims or interests may evaluate a plan. Nevertheless, this list provides a useful starting point for the Court's analysis of the adequacy of information contained in the Disclosure Statement under review. *See In re Metrocraft Publishing Services, Inc.*, 39 B.R. at 568 (Bankr.N.D.Ga.1984).

■■■ While complete disclosure is integral to the Chapter 11 process, "overly technical and extremely numerous additions" to a disclosure statement suggested by an objecting party may be rejected if such additions decrease the clarity and understandability of the disclosure statement to the claimholders who will be called upon to accept or reject the plan. *In re Water-ville Timeshare Group*, 67 B.R. 412, 413 (Bankr.D.N.H.1986). Further, it is noteworthy that a creditor only has standing to object to the adequacy of a disclosure statement as to its own class and not as to the adequacy of the statement as it affects another class. *In re Adana Mortgage Bankers, Inc.*, 14 B.R. 29, 30 (Bankr.N.D. Ga.1981). And, as one author warns, "reorganization is not to be doomed by meaningless disclosure paperwork." Trost, *Business Reorganization Under Chapter 11 of the New Bankruptcy Code*, 34 Bus. Law. 1309, 1339 (1979).

■■ Obviously, it would be impossible for the Court to instruct any plan proponent as to the entire spectrum of information which should properly be included in a disclosure statement. As a starting point, however, the Court directs the Debtor to the aforementioned types of information which numerous courts have noted are most often included in a disclosure statement. The Court also refers the Debtor to the various objections filed by the parties since, for the most part, they contain valid complaints about the adequacy of the information contained in the Disclosure Statement. The use of such guideposts would appear to mandate, at a minimum, the disclosure of the following information: (1) matters pertaining to an Agreement and Note entered into by and between the Debtor and an entity known as Quail Marsh Partnership, including the status of the parties' relationship and the existence and collectibility of a possible account receivable from Quail Marsh Partnership; (2) a more-detailed liquidation analysis, including the potential impact upon claimholders in the event of a hypothetical Chapter 7 liquidation (particularly if the sale of partnership property were treated as an event of dissolution under the particular partnership agreements); (3) additional information concerning the status of various partnerships in which the Debtor may have an interest, including the nature and extent of any such interest or relationship; (4) the status of negotiations with KinderCare regarding future business opportunities of the Debtor; (5) information regarding the future ownership and management of the

Debtor, including compensation to be paid to any insiders, directors, and/or officers of the Debtor; (6) all significant assets of the Debtor, including payments—whether they are periodic, lump-sum, or "balloon" payments—which the Debtor is entitled to receive in the future pursuant to any agreements with corporations, partnerships, individuals and other entities; (7) more detailed information concerning the Debtor's ability to make the payments proposed in the plan; (8) all accounting and valuation methods used in the preparation of the Disclosure Statement; (9) whether the Debtor can sell or alienate its interest in various partnerships, as proposed by the plan; and (10) whether the Debtor has any executory contracts it intends to assume under the plan.

The Court-suggested list is, by its very nature, nonexhaustive. In reality, the Debtor and affected creditors are better-situated than is the Court to assess the extent of disclosure needed to satisfy the standard imposed by § 1125 because they possess a breadth of information which is unavailable to the Court. It is not the Court's intention to require the disclosure of burdensome and unnecessary information. Nor is it the Court's desire to give any holder of a claim or interest a strategic advantage by making it difficult for the Debtor to obtain ultimate review of a proposed plan. It is imperative, however, that the Debtor disclose all pertinent information so that such holders can cast an informed vote accepting or rejecting the plan. That is all the Code requires. If the creditors oppose their treatment in the plan, but the Disclosure Statement contains adequate information, issues respecting the plan's confirmability will await the hearing on confirmation. Therefore, the Debtor need not obtain the creditors' approval of the plan; it need only provide them with adequate information as that term is defined in 11 U.S.C. § 1125(a)(1).

Based upon the foregoing, the First Amended Disclosure Statement is hereby DISAPPROVED. The Debtor shall have forty-five (45) days from the entry of this Order to file a second amended disclosure statement. Failure to file a second amended disclosure statement in the time provided may result in the imposition of sanctions, including dismissal of the case, conversion to a case under Chapter 7, or appointment of a Chapter 11 trustee or examiner.

IT IS SO ORDERED.