## In re DIVERSIFIED INVESTORS FUND XVII, A California Limited Partnership, Debtor.

### Bankruptcy No. SA 87–04580 JR.

United States Bankruptcy Court, C.D. California.

Aug. 11, 1988.

---

Angel and Neistat, Los Angeles, Cal., for debtor.

Robbins, Keehn & Jones, San Diego, Cal., for Nelcon.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

The issue presented in this proceeding is whether, pursuant to § 1125(b) of the Bankruptcy Code (the "Code"), a debtor limited partnership must disclose information concerning the net worth of debtor's general partners in its disclosure statement.

## JURISDICTION

This court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(a) (the district courts shall have original and exclusive jurisdiction of all cases under Title 11), 28 U.S.C. § 157(a) (authorizing the district courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the district) and General Order No. 266, dated October 9, 1984 (referring all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

## STATEMENT OF FACTS

Debtor is a California limited partnership which was formed in July 1983. Debtor's primary asset is a 92–unit residential apartment complex in Mesa, Arizona. Debtor's general partners are Diversified Properties, Inc. and DPI Partners Ltd.

Because of increasing cash flow problems, debtor filed its petition under Chapter 11 of the Code on July 24, 1987. On February 22, 1988, debtor filed its disclosure statement and plan of reorganization and set the hearing for March 22, 1988. The United States Trustee and Nelcon Corporation, a secured creditor of debtor ("Nelcon"), objected to the disclosure statement.

At the hearing on March 22, 1988, I addressed a number of the objections relating to the disclosure statement and continued the matter to allow the Debtor to file an amended disclosure statement.

On April 26, 1988, Debtor filed its first amended disclosure statement. The United States Trustee filed a statement of nonopposition, but Nelcon objected. The hearing on the first amended disclosure statement was held on June 9, 1988. At that hearing I took the matter under submission to determine whether, in light of § 723(a) of the Code, debtor should include financial information regarding the general partners in the liquidation analysis of its disclosure statement in order to comply with § 1125(b) of the Code.

## DISCUSSION

Section 1125(b) of the Code provides that

An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title ..., unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information.

Section 1125(a)(1) defines "adequate information" as

... information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan,....

According to the legislative history, the parameters of what constitutes adequate information are intended to be flexible.

Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis. Courts will take a practical approach as to what is necessary under the circumstances of each case, such as the cost of preparation of the statements, the need for relative speed in solicitation and confirmation, and, of course, the need for investor protection. There will be a balancing of interests in each case. In reorganization cases, there is frequently great uncertainty. Therefore the need for flexibility is greatest.

H.R.Rep. No. 595, 95th Cong., 1st Sess. (1978), U.S.Code Cong. & Admin.News

1978, pp. 5787, 6365. "The primary purpose of a disclosure statement is to give the creditors the information they need to decide whether to accept the plan." *In re Monnier Bros.*, 755 F.2d 1336, 1342 (8th Cir.1985).

Case law holds that in order to provide adequate information, the disclosure statement must contain a liquidation analysis which compares the proposed plan of reorganization with a Chapter 7 liquidation. See *In re Metrocraft Pub. Services, Inc.*, 39 B.R. 567 (Bankr.N.D.Georgia 1984); *In re Malek*, 35 B.R. 443 (Bankr.E.D.Mich. 1983); *In re A.C. Williams Co.*, 25 B.R. 173 (Bankr.N.D.Ohio 1982).

Section 723(a) of the Code provides

If there is a deficiency of property of the estate to pay in full all claims which are allowed in a case under this chapter concerning a partnership and with respect to which a general partner of the partnership is personally liable, the trustee shall have a claim against such general partner for the amount of the deficiency.

This section was amended in 1984 by § 476 of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353 to substitute the word "chapter" for "title" and to add the phrase "and with respect to which a general partner of the partnership is personally liable, the trustee shall have a claim against such general partners for the full amount of deficiency." According to the Editors comment to § 723(a) in *Norton Bankruptcy Code Pamphlet*, 1987–1988 Ed., p. 511 "This change was necessary to make it clear that the subsection did not create any new obligations of a general partner not previously existing under state law." In addition, according to L. King, *Collier on Bankruptcy* ¶ 723.02 (15th Edition 1987), § 723(a) is a chose in action to be asserted under Bankruptcy Code § 544(a).

Section 103(b) of the Code provides that "Subchapter I and II of chapter 7 of this title apply only in a case under such chapter." Since § 723 falls within subchapter II of chapter 7, it is *only* applicable in a chapter 7 case.

Nelcon contends that since § 723 is only available under chapter 7, the disclosure statement should contain information regarding the general partners' assets in the liquidation analysis. In addition, Nelcon argues that this information is necessary to determine whether the proposed plan of reorganization complies with the "best interests test" of § 1129(a)(7). This section provides in part that

With respect to each impaired class of claims or interests—

(A) each holder of a claim or interest of such class—

(i) has accepted the plan; or

(ii) will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date....

Debtor responds that the disclosure statement contains adequate information since it fully discloses the financial information concerning debtor. Debtor further argues that disclosure of the general partner's assets and liabilities will not aid the court in its analysis under the "best interests test" since under chapter 7 the liquidating trustee would only have a claim against the general partner for the amount of deficiency and not actual property.

I can summarily dispose of debtor's latter argument since any claim asserted by the trustee under § 723(a) of the Bankruptcy Code would certainly be undertaken to bring additional property into the estate. I, therefore, do not find the distinction between a claim and actual property meaningful in this context.

It is axiomatic that to the extent the individual general partners have personal net worth and the chapter 7 trustee pursues his rights under § 723 to maximize the value of the estate to pay creditors, the estate will increase in value. It is this prospective increase in value that Nelcon argues debtor must disclose in its disclosure statement.

Some cases dealing with § 723 are instructive on this issue. In *In re I–37 Gulf Ltd. Partnership,* 48 B.R. 647 (Bankr.S.D. Texas 1985), a creditor of a debtor limited partnership in chapter 11 brought an adversary proceeding against the general partners to require them to file a statement of personal assets and liabilities under Rule 1007(g) and turnover their assets to the trustee. Rule 1007(g) provides that "The court may order any general partner to file a statement of personal assets and liabilities with the court within such time as the court may fix." Finding that § 723 is inapplicable to a case pending under chapter 11, the court declined to require the general partners to surrender their assets. The court, however, did order the partners to file the Rule 1007(g) statement. In so holding, the court stated that

> Since § 723 would be available in a liquidating bankruptcy (i.e. Chapter 7) and therefore the assets of the general partners could be reached by the liquidating trustee to satisfy any deficiency in payment of the debts of the partnership, it seems clear to this court that if all of the partners are solvent as alleged herein no plan can be confirmed unless all creditors are paid in full.

*Id.* at 650. The court also commented that "... it is necessary for the court to determine the net worth of each of the partners of the partnership, in order to determine whether a plan can be confirmed under § 1129(a)(7) of the Bankruptcy Code." *Id.*

In another case, *In re Monetary Group,* 55 B.R. 297 (Bankr.M.D.Fla.1985), the chapter 11 trustee of a debtor partnership moved to compel indemnity by the general partners of the debtor and to direct each general partner to file a statement of personal assets and liabilities. The court declined to compel indemnity since § 723 was not available in a chapter 11 case, but did require the general partners to file the Rule 1007(g) statement. The court stated that

> The information contained in a statement of personal assets and liabilities filed by each general partner of a chapter 11 partnership debtor would also help the court determine whether the plan complies with 11 U.S.C. § 1129.... Section 723 would be available to a trustee or debtor in possession in a chapter 7 case. Therefore, if the general partners were solvent and could satisfy any deficiency in the payment of debts of the partnership then the chapter 11 plan could not be confirmed unless the plan provided for a 100% pay out.

*Id.* at 299.

Finally in *In re Eber–Acres Farm,* 82 B.R. 889 (Bankr.S.D.Ohio 1987), the court refused to confirm a chapter 12 plan, holding that

> Without knowledge of all assets of the individual partners ... the court cannot find that this debtor has established that its creditors would receive as much by this chapter 12 plan ... as such creditors might receive were this a case under chapter 7. In a chapter 7 case the trustee in bankruptcy would have certain rights against property of the individual partners. See 11 U.S.C. § 723. Without additional information, the court cannot determine the effect of those rights on creditors of the estate.

*Id.* at 893.

These cases strongly suggest that I should consider the net worth of the general partners of a debtor partnership in making my finding that confirmation of the plan is in the best interests of creditors pursuant to § 1129(a)(7). In making my finding at the confirmation hearing that the plan is in the best interests of unsecured creditors, I will be guided by the liquidation analysis in the disclosure statement showing the value of all assets of the estate in a hypothetical chapter 7. Unsecured creditors will also be guided by the liquidation analysis in making their decision whether to vote for the plan. They most likely will give their consent if they believe the plan will pay them more than a liquidation. Accordingly, in order for me to make the § 1129(a)(7) finding and for the unsecured creditors to have adequate information to make an informed decision whether to support or reject the plan, debtor must include the net worth of general partners in the liquidation analysis in the

disclosure statement since only then will the court and unsecured creditors have the information necessary to make an informed decision.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. The within memorandum opinion shall constitute my findings of fact and conclusions of law.