PER CURIAM:
Appellant Helen R. Adams, Independent Executrix of the Estate of Janie Hughston, appeals a judgment of the district court affirming a judgment of the bankruptcy court overruling the Appellant’s objection to the disclosure statement of the Appellee, First Financial Development Corporation (First Financial or Debtor). Finding no reversible error, we affirm.
I.
FACTS
In May of 1989, Janie Hughston obtained a Texas state court judgment against First Financial Development Corporation in the principal sum of $987,396.90, together with ten percent post-judgment interest and court costs, none of which has been paid. That judgment is currently on appeal to the Texas Supreme Court.
*220 In October of 1989, First Financial filed a voluntary Chapter 11 proceeding in the United States Bankruptcy Court for the Northern District of Texas. Shortly after the bankruptcy was filed, Janie Hughston died, and Appellant was appointed independent executrix of her estate.
Pursuant to 11 U.S.C. § 1125, First Financial filed a disclosure statement with the Bankruptcy Court in anticipation of confirmation of its plan of reorganization. Appellant objected to the disclosure statement, claiming that it should include information regarding suits currently pending against Robert E. Williams, who is president, sole director, and a forty-five percent shareholder of First Financial.[1] These suits were filed against Mr. Williams personally, not in his capacity as a principal in First Financial, and none has been reduced to judgment.
The bankruptcy court overruled Appellant’s objection to the disclosure statement, and declined to require First Financial to include information about Mr. Williams’s personal suits in the disclosure statement. Appellant appealed the bankruptcy court’s decision to the district court, which affirmed the bankruptcy court’s decision. Appellant then timely filed a notice of appeal of the district court’s judgment.
II.
STANDARD OF REVIEW
The determination of the adequacy of information contained in the disclosure statement is largely within the discretion of the bankruptcy court. Although we review the factual findings of the bankruptcy court and the district court under a “clearly erroneous” standard and review all issues of law de novo, we review determinations with respect to the adequacy of the disclosure statement for abuse of discretion.[2]
III.
ANALYSIS
11 U.S.C. § 1125 specifies that a creditor in a Chapter 11 proceeding must receive a copy of the plan or a summary of the plan and a written disclosure statement before the creditor is called upon to vote on the plan's confirmation. After notice and a hearing, the bankruptcy court determines whether the disclosure statement contains “adequate information.” Adequate information is loosely defined in 11 U.S.C. § 1125(a), as “information of a kind, and in sufficient detail ... that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan.” The Bankruptcy Code specifies no particular information that must be included in the disclosure statement, and the Code’s legislative history supports the proposition that a bankruptcy court should make determinations concerning disclosure statements on a case-by-case basis.[3] Nonetheless, some courts have attempted to fashion laundry lists of helpful data, albeit such lists are neither disposi-tive nor all-inclusive.[4] These lists invariably include information regarding those who will manage the debtor after confirmation, no doubt derived from 11 U.S.C. § 1129(a)(5)(A), which specifies that a plan of reorganization cannot be confirmed until, inter alia, the plan’s proponent has disclosed the “identity and affiliations” of directors, officers and voting trustees of the debtor. Neither guideline nor case, much less the Code itself, mandates the *221 inclusion of personal financial information of the principal in a corporation.[5]
We discern no reason why a creditor, treated as a “hypothetical reasonable investor,” must know about personal law suits against Mr. Williams. Appellant conjectures that these suits, which she contends allege fraud or breach of fiduciary duty by Mr. Williams, reflect on his character and his ability to manage the Debtor. Her argument collapses under its own weight. Even if we were to accept the proposition that a civil judgment based in part on fraud or breach of fiduciary duty would reflect on Mr. Williams’s competence as president of the Debtor, Appellant has wholly failed to demonstrate that there is a likelihood that the confirmed plan would not be consummated.
Because the Code defines “adequate information” as a type that would be considered important or material by a “hypothetical reasonable investor,” Appellant would have us apply a disclosure standard at least as stringent as that required for disclosure under federal securities laws. This we decline to do. Section 1125(d) of the Bankruptcy Code provides, “[wjhether a disclosure statement required under subsection (b) of this section contains adequate information is not governed by any otherwise applicable nonbankruptcy law, rule, or regulation ...” This section clearly forecloses any direct application or incorporation by reference of federal securities laws to bankruptcy disclosure statements.[6]
Even if we were to use federal securities regulations by analogy, they would not command disclosure of the personal suits. Item 401 of Regulation S-K[7], requires that the corporation making disclosure reveal the involvement of its directors and officers in only those types of legal proceedings that are material to an evaluation of the individuals’ abilities or integrity. The proceedings to be disclosed include certain bankruptcies; criminal convictions and pending criminal proceedings; final orders, judgments or decrees enjoining or limiting the subject’s activities with respect to certain financial occupations, business practices, or the sale or purchase of securities or commodities; or final judgments in civil actions with respect to violation of securities or commodities laws.[8] With the exception of criminal proceedings, the only litigation required to be disclosed is the kind that have resulted in final adjudication against the director or officer.
We reiterate the well known truism that anyone with the filing fee can commence a lawsuit and allege any complaint against anyone else, notwithstanding the threat of sanctions. Appellant has not demonstrated that any of the actions she seeks to have disclosed to the creditors has any merit;[9] neither would such a demonstration benefit her. The Bankruptcy Code simply does not require that such information be disclosed. Furthermore, while Appellant casts aspersions on Mr. Williams’s character, she has failed to present any evidence that his character will adversely affect the consummation of the First Financial plan.
We find no mandatory requirement to disclose this information. We speculate that Appellant seeks its inclusion for the prejudicial reaction it might engender among those creditors who will vote on the plan. That purpose, however, is not legitimate.
*222 IV.
CONCLUSION
Neither the bankruptcy court nor the district court abused its discretion in deciding to overrule Appellant’s objection to the Debtor’s disclosure statement. For the foregoing reasons, the judgment of the district court is
AFFIRMED.

. June Williams, wife of Robert E. Williams, is secretary/treasurer and also owns forty-five percent of the stock. Their daughter, Chris Re-gans, owns the remaining ten percent share.

. In re Texas Extrusion Corp., 844 F.2d 1142, 1156-57 (5th Cir.), cert. denied 488 U.S. 926, 109 S.Ct. 311, 102 L.Ed.2d 330 (1988).

. H.R.Rep. No. 595, 95th Cong., 1st Sess., 408-409 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6365. See Kirk v. Texaco, 82 B.R. 678, 682 (S.D.N.Y.1988).

. See, e.g., In re Scioto Valley Mortgage Co., 88 B.R. 168, 170 (Bankr.S.D.Ohio 1988); In re A.C. Williams Company, 25 B.R. 173, 176 (Bankr.N.D.Ohio 1982).

. Like the district court, we are aware of In re Diversified Investors Fund XVII, 91 B.R. 559 (Bankr.C.D.Cal.1988), a case in which the court required disclosure of personal financial information about the partners in a partnership. We agree with the district court that Diversified Investors is inapposite here.

. See Kirk v. Texaco, 82 B.R. at 681-82.

. 17 C.F.R. 229.401. Regulation S-K states the requirements applicable to the content of the non-financial portions of corporate registration statements, annual reports and proxy statements. 17 C.F.R. 229.10.

. 17 C.F.R. 229.401(f).

. This is not to suggest that a lawsuit against a debtor must be shown to have “merit” before it need be disclosed. Disclosure may be appropriate where the debtor itself may incur a judgment that may affect its ability to effectuate a plan. That is not our case here.