**In re SUPER 8 FLORIDA III, LTD. d/b/a Famous Host Inn, Debtor.**

**George E. MILLS, Jr., Trustee, Plaintiff,**

**v.**

**Philip B. GROTEWOHL, Defendant.**

**Bankruptcy No. 94–03783–6J7. Adversary No. 96–89.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Oct. 3, 1996.

James E. Foster, Foster & Kelly, Orlando, FL, for Plaintiff.

Patrick A. McGee, McGee & Powers, P.A., Orlando, FL, for Defendant.

Kenneth D. Herron, Orlando, FL, for Debtors.

*ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

KAREN S. JENNEMANN, Bankruptcy Judge.

This adversary proceeding came on for consideration on the Motion for Summary

Judgment (the "Motion") filed by George E. Mills, Jr. (the "Trustee") (Doc. No. 13). The Trustee filed a memorandum of law (Doc. No. 14) in support of the Motion and the debtors/defendants, Philip B. Grotewohl and Ameritrust Properties, Inc. (the "Defendants"), filed an opposing memorandum of law (Doc. No. 20). Neither party filed any affidavits in support of their positions. After reviewing the pleadings, considering the arguments presented by counsel, and the applicable law, the Motion is denied.

In the Motion, the Trustee seeks·a determination that the Defendants are liable for monetary damages payable to the estate pursuant to 11 U.S.C. § 723. The Trustee claims that the estate does not have enough funds to pay all allowed claims in full, and that the Defendants, as general partners of the Debtor, are liable to the estate for the deficiency. In response, the Defendants contend that the Trustee has not established that the estate does not have enough money to pay its creditors in full. Specifically, the Defendants state that the Trustee has not provided any evidence which indicates, with reasonable certainty, that a deficiency exists and that the estate lacks sufficient funds to pay all creditors in full. Therefore, the Defendants claim it is premature to hold them liable for any deficiency pursuant to § 723.

Pursuant to Federal Rule of Civil Procedure 56, which is applicable under Federal Rules of Bankruptcy Procedure 7056 and 9014, the court may grant summary judgment where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." The burden of establishing the right to summary judgment is on the movant. *Fitzpatrick v. Schiltz* (*In re Schiltz*), 97 B.R. 671, 672 (Bankr.N.D.Ga.1986) and cases cited therein. The burden therefore is on the Trustee to demonstrate an entitlement to summary judgment.

■ Section 723 authorizes a bankruptcy trustee to seek contribution from each general partner of the partnership debtor to the full extent that the debtor's liabilities exceed its assets. *In re the Monetary Group,* 55 B.R. 297, 298 (Bankr.M.D.Fla.1985). Section 723(a) allows outstanding administrative claims against the estate to be included as part of these liabilities. *See, Miller v. Spitz* (*In re CS Associates*) 160 B.R. 899, 911 (Bankr.E.D.Pa.1993); *Kipperman v. Yousif* (*In re Miramar Mall*) 152 B.R. 631, 634 (Bankr.S.D.Ca.1993). This right, however, is not without some limitation. *In re CS Associates,* 160 B.R. at 911.

■ In order to establish liability against the general partners of a debtor partnership under § 723, the trustee must prove several requirements. The case must be a Chapter 7 case. *Kaveney v. Kaveney* (*In re Kaveney*), 60 B.R. 34, 36 (Bankr.9th Cir.1985). The trustee must determine, with reasonable certainty, that a deficiency does or will exist. *See, Bell & Beckwith v. Betz* (*In re Bell & Beckwith*) 112 B.R. 863, 868 (Bankr.N.D.Ohio 1990); *In re the Monetary Group,* 55 B.R. at 298. The mere statement by a bankruptcy trustee that a deficiency exists is not sufficient.

Further, the bankruptcy trustee must establish that the individual partners are liable for the claimed deficiency pursuant to state law. *In re CS Associates,* 160 B.R. at 907. (A partner's liability in bankruptcy is the same as it would be under state law outside of bankruptcy.) *Id.* As a general rule, the Defendants are liable under applicable Florida law for any deficiency arising in the Debtor's estate, including administrative expenses. However, certain exceptions apply. For example, general partners are liable only for those debts incurred by a partnership after the general partner acquired his or her partnership interest. Fla. Stat. Ch. 620.8306(2) (1995).

■ In this adversary, the Trustee has not submitted any supporting affidavits or evidence to show that a deficiency does in fact exist or is reasonably likely to exist. The Defendants dispute the existence of a deficiency. The Trustee also has not definitively proven to what extent the individual partners are each liable for a possible deficiency under Florida law. As such, both material legal and factual disputes exist which preclude the entry of summary judgment in favor of the Trustee.

Accordingly, it is ORDERED:

1. The Motion is denied.

2. A status conference is scheduled in the Adversary Proceeding for **10:00 a.m.** on **October 31, 1996.**

3. The trial in this adversary proceeding is scheduled to commence at **10:00 a.m.** on **December 3, 1996.**